112 So.2d 451

**Gay Austin ALLISON**

v.

**Mrs. Oscar STEVENS and David Lee Allison, Admrx. and Admr., et al., and Cross-Appeal.**

**8 Div. 953.**

Supreme Court of Alabama.

May 28, 1959.

Harold T. Foster, Scottsboro, and Lusk &
Lusk, Guntersville, for appellant.

Harold O. Weeks and Jas. M. Proctor, Scottsboro, for appellees.

SIMPSON, Justice.

George W. Allison died testate on May 2, 1954. Appellant (complainant below and widow of George W. Allison) dissented from the will. Appellees, other than Clyde Woodall, the executor, are the sole surviving heirs of the testator and were the respondents below. (The death of one of the appellees, Tom D. Allison, has been suggested and on motion the cause was revived in the name of his administrators and heirs at law.)

Complainant filed a bill in equity seeking the removal of the administration of the estate of the testator from the Probate to the Equity Court, discovery, homestead, dower and quarantine rights and personal exemptions. By amendment to the bill, complainant also sought to have set aside certain deeds executed by the testator and the complainant to some of the respondents. Respondents' answer to the bill set up an antenuptial agreement between complainant and the testator wherein complainant released all rights of "dower, homestead exemptions, statutory right, distributive share and other claims against the estate of George W. Allison" including her right to dissent from the will. Respondents also averred that complainant had joined in the execution of the deeds in question "of her own free will and accord and that neither of them [complainant and testator] was influenced at the time of the execution of said deeds by the respondents or anyone else * * *" and that "by voluntarily joining in the execution of said deeds she created an estoppel by deed and is now estopped to challenge their efficacy".

The trial court, in its final decree, annulled the antenuptial contract and as a result thereof held that complainant was entitled to homestead and personal property exemptions and a distributive share in the personal property of the estate of George W. Allison. The trial court refused to set the deeds aside and denied complainant any dower in the properties conveyed by said deed.

Complainant has appealed and assigns as error the action of the trial court in refusing to set aside the deeds; respondents have cross-appealed and assign as error the action of the trial court in annulling the antenuptial contract between complainant and testator.

It appears from the evidence that George W. Allison, a widower, in 1942 made a will in which he devised and bequeathed all of his property to his children. Shortly thereafter he began "courting" the complainant and in 1944 they were married. Some three days prior to their marriage, Mr. Allison and complainant entered into the agreement referred to above, whereby complainant released her dower rights and distributive share, homestead and other rights, in the

estate of Mr. Allison in consideration of the purchase by Mr. Allison of complainant's dwelling house from the complainant for $2,500 and the devising of said house to her in his will. It further appears that complainant had purchased the house for $2,500, she had made payments in the amount of $800 thereon and she owed a balance of $1,700 which she was paying "like rent". The testator paid complainant $800; she conveyed the property to him and the testator executed a codicil to his will in which he devised the house free of incumbrances to the complainant.

█ It is clear that an antenuptial agreement of one party to release rights and interests in the estate of the other party in consideration of marriage or supported by other valuable consideration is enforceable in equity. Because of the confidential relationship of the two parties, such contracts are scrutinized by the courts to determine their justice and reasonableness. Where an antenuptial agreement is asserted as barring the wife's share in the estate of her husband, the husband or his representatives has the burden of showing that the consideration was adequate and that the entire transaction was fair, just and equitable from the wife's point of view or that the agreement was freely and voluntarily entered into by the wife with competent independent advice and full knowledge of her interest in the estate and its approximate value. Merchants' Nat. Bank v. Hubbard, 222 Ala. 518, 133 So. 723, 74 A.L.R. 646; Norrell v. Thompson, 252 Ala. 603, 42 So.2d 461; Collier v. Tatum, 230 Ala. 218, 160 So. 530; 17A Am.Jur., Dower, § 172; 26 Am.Jur., Husband and Wife, §§ 282, 288; 41 C.J.S. Husband and Wife § 80; 27 A.L.R.2d 883.

█ No useful purpose would be served by setting out all the evidence bearing on the fairness or adequacy of the consideration for the agreement in the case at bar. Suffice it to say that after a close scrutiny of the evidence we are satisfied that the value of the home which was devised to the complainant by the testator is greatly disproportionate to the value of complainant's rights in the estate of the testator. We also conclude that the value of the estate of George Allison at the time the agreement was entered into was substantially the same as that at the time of his death. It is not shown by the evidence that complainant had competent independent advice nor did the respondents meet the burden of proof resting on them to show that complainant had full knowledge of her interest in the estate and the approximate value thereof. We find no error, therefore, on the part of the trial court in refusing to enforce the antenuptial contract.

██ In April, 1950 and more than five years after the marriage of the subject parties, testator, joined in by complainant, executed several conveyances of real property to his children, the respondents, excepting party respondent Woodall, the executor. Complainant now seeks to have said conveyances set aside for the reason that their execution was so connected with the antenuptial agreement that they should be construed as a part thereof and consequently are affected with the same invalidity as the antenuptial agreement. Complainant does not contend that the conveyances are a postnuptial settlement nor does she contend that in the execution the respondents exercised any undue influence or practiced any fraud on her or the testator. The invalidity, argues complainant, arises out of an alleged representation by the testator to the effect that he had, by his will which was previously made, given his property to his children; consequently, says the complainant, she did not know she had any interest in the property. The pleadings in the lower court do not disclose, as a ground for setting aside the conveyances, fraud on the part of the grantor-testator.

A misrepresentation as to a matter of law is an actionable misrepresentation of fact if it appears that it was so intended and understood and where it amounts to an implied assertion that facts existed which justified the conclusion of law reached.

Best v. Best, 247 Ala. 627, 25 So.2d 723. Such a misrepresentation need not be made at the time of the transaction but may have been previously made, provided, however, that the other party still has the right to rely on them. 23 Am.Jur. 952.

The conveyances in question were executed by the complainant and the testator more than five years after the alleged misrepresentation by the testator and more than five years after the execution of the antenuptial contract by the parties during which time complainant and testator lived together as husband and wife.

■ Complainant also contends that by virtue of the confidential relationship of the parties, a presumption that undue influence was exercised by the testator obtains herein and that the burden of repelling such presumption is on the respondents by showing that complainant had competent and independent advice or by other satisfactory evidence. For such a presumption to be raised, however, the evidence must show clearly and satisfactorily that the testator was the dominant party. Merchants' National Bank v. Hubbard, supra.

Complainant testified in the lower court that at the time of the execution of the conveyances by the testator and herself the testator was feeble and his mind was "bad". This and other evidence offered by complainant repels the presumption that the testator was the dominant party. Compare Rash v. Bogart, 226 Ala. 284, 146 So. 814. It follows that no presumption of undue influence on the part of the testator can be indulged in and the evidence does not show that he, in fact, did exercise undue influence on complainant.

■ Section 46, Title 34, Ala.Code 1940 provides that a wife, if over the age of 18 years, may relinquish her right to a dower by joining with her husband in a conveyance thereof. Where a wife joins with her husband in a conveyance of land she may require a consideration enuring to herself as a condition on which she renounces her right to dower, or she may validly and effectually release her right thereto without such consideration and upon a consideration moving to her husband only. A conveyance by the husband and wife wherein the wife releases her right of dower without consideration and upon a consideration moving to the husband will be sustained. Bailey v. Litten, 52 Ala. 282; Pickard v. Osburn, 261 Ala. 206, 73 So.2d 542; 28 C.J.S. Dower § 65.

■ The consideration expressed in the conveyances in question is a valuable one. Assuming, without deciding, that the consideration moving to the testator was inadequate, that, in itself, is not a sufficient ground for setting the conveyances aside. McLeod v. McLeod, 145 Ala. 269, 40 So. 414; Aiken v. Barnes, 247 Ala. 657, 25 So. 2d 849; Wilfe v. Waller, 261 Ala. 436, 74 So.2d 451; Young v. Blonk, 261 Ala. 542, 74 So.2d 910.

We have assiduously studied the pleadings and the evidence in support thereof and we conclude that no ground appears which would justify the setting aside of the conveyances.

■ It was held in Jarrell v. Farmers' Nat. Bank of Opelika, 253 Ala. 119, 43 So. 2d 116, that after the removal of an estate to chancery, the chancery court has the discretion to proceed according to rules and practices of the chancery court or to follow the statutory requirements provided for the administration of estates in the probate court. See also Johnson v. Johnson, 252 Ala. 366, 41 So.2d 287; Title 13, § 138 Ala. Code 1940. This disposes of appellant's assignment of error 5, complaining of that portion of the decree providing that complainant's homestead and personal property exemptions be set aside to her in that equity court on proper petition, etc.

We are at the conclusion that neither the assignments of error nor the cross-assignments are well taken and that the final decree should be and is ordered affirmed.

Let the costs of this appeal be taxed against the estate of the testator as a part of the cost of administration.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.