This is a divorce case.
The Circuit Court of Baldwin County entered a judgment divorcing the parties and giving effect to an antenuptial agreement which by its terms barred the wife from any interest in the husband's estate. The wife appeals from that aspect of the decree giving effect to the antenuptial agreement and we affirm.
The dispositive issue on appeal is whether there is sufficient evidence to sustain the trial court's determination that the antenuptial agreement was valid.
Reviewing the record with the attendant presumption, the following is pertinently revealed:
The husband and wife were married in 1974. Both parties were in their sixties and had been previously married, their former spouses having predeceased them.
The wife had a college degree and was a school teacher. She is now retired. The husband was engaged in extensive farming operations.
Prior to the marriage the wife visited the husband on several occasions and saw his homeplace, his cattle and some of his land. The wife knew that the husband owned considerable land and was in business with other family members in a farming operation.
The wife, together with her son, owned a home in Montgomery of an undetermined value and cash assets of approximately $25,000.
Several weeks prior to the marriage, the parties signed an agreement, which in pertinent part is as follows:
 5. It is agreed, in the event of a separation, that each party shall have no right as against the other by way of claims for support, alimony, attorneys' fees, costs or division of property.
 6. It is further agreed that this agreement is entered into with a full knowledge on the part of each party as to the extent and probable value of the estate of the other and of all of the rights conferred by law upon each in the estate of the other by virtue of said proposed marriage, but it is their desire that their *Page 751 
respective rights to each other's estate shall be fixed by this agreement, which shall be binding upon their respective heirs and legal representatives.
The record further indicates that the husband conditioned his marriage to the wife upon the wife signing such an agreement. In fact, the husband testified that he told the wife the only way he would marry her was if she signed an antenuptial agreement.
The husband contacted an experienced attorney who drafted the instant agreement. Before the parties signed, the attorney explained the contents of the document to the husband and to the wife. There is evidence to indicate that the wife knew what the effect of the agreement would be and was not happy with it. However, the record indicates that the wife nevertheless voluntarily signed the agreement.
After four years of marriage, the wife petitioned the court for a divorce requesting alimony and a property settlement. The husband answered, setting up the antenuptial agreement as a bar to any interest in his estate.
After an ore tenus hearing, the learned trial judge determined that the parties knowingly and voluntarily entered into the agreement and that the agreement was valid and barred the wife from obtaining any interest in the husband's estate upon dissolution of the marriage.
At the outset, we note that antenuptial agreements are valid in Alabama. Reynolds v, Reynolds, Ala.Civ.App., 376 So.2d 732
(1979). However, courts scrutinize such agreements to determine whether they are just and reasonable. Allison v. Stevens,269 Ala. 288, 112 So.2d 451 (1959).
An ante-nuptial agreement will be held valid as just and reasonable if the husband is able to show that certain conditions have been met. The husband, in this instance, has the burden to show that the consideration was adequate and that the entire transaction was fair, just and equitable from the wife's point of view or that the agreement was freely and voluntarily entered into by the wife with competent independent advice and full knowledge of her interest in the estate and its approximate value. Allison, supra. Meeting the requirements of either of the above tests is sufficient to give effect to an antenuptial agreement.
The wife, through able counsel, contends that the agreement is invalid because there was not adequate consideration for the wife relinquishing her rights in the husband's estate. Put another way, the wife contends that the only consideration given her was the husband's relinquishment of any interest in the wife's estate and since the husband's estate was much larger than the wife's, the agreement was not based upon adequate consideration. We do not agree.
Marriage may, under appropriate circumstances, be sufficient consideration for an antenuptial agreement. See, McDonald v.McDonald, 215 Ala. 179, 110 So. 291 (1926); 41 C.J.S. Husbandand Wife § 88 (1944). This is particularly true when other factors are present such as the husband's relinquishment of any rights that he might have in the wife's estate. See, Allison,supra; 41 C.J.S. § 88, supra.
In this instance, marriage was clearly part of the consideration for executing the agreement. The husband was adamant in demanding that the wife sign an antenuptial agreement before he would marry the wife. The record indicates that the wife at first was reluctant to sign such an agreement. The husband then informed the wife that he would not marry her unless she signed the agreement. It was only after these events that the wife signed the agreement. Thus, with the above in mind, it can be concluded that the marriage itself was sufficient consideration to support the antenuptial agreement.
In addition, the husband by signing the agreement gave up any right in what could be classified as the wife's substantial estate. This relinquishment was also valuable consideration. Thus, the wife's contention that there was inadequate consideration is without merit. *Page 752 
As indicated above, not only must the consideration be adequate but the entire transaction must have been fair, just and equitable from the wife's point of view.
In this instance, there is absolutely no evidence of fraud or duress in executing the agreement. The attorney who drafted the agreement advised the wife as to the effect of the agreement prior to her signing it.
The wife had the agreement several weeks prior to the marriage and there is evidence to indicate that the wife sought competent independent advice prior to the marriage concerning the agreement.
The evidence in all respects indicates that the agreement was entered into voluntarily; furthermore, that the wife knew what she was relinquishing when she signed the agreement as shown by her reluctance in signing the agreement until the husband told her that he would not marry her unless she signed an agreement. Additionally, the record indicates the wife at least had a general knowledge of the extent of the husband's estate. All of the above goes to indicate the agreement was fair, just and equitable from the wife's point of view.
Based upon the above, we find no error in the trial court's determination that the agreement was valid because there is sufficient evidence to establish adequate consideration and, furthermore, there is sufficient evidence to establish that the entire transaction was fair, just and equitable from the wife's view. Allison, supra; Norrell v. Thompson, 252 Ala. 603,42 So.2d 461 (1949).
The wife next contends that the trial court committed reversible error in overruling the wife's objections to certain questions as being leading questions.
The questions asked were these:
 Q. Did you tell this to the then Mrs. Burkett that you wanted to be sure that your land and what you have went to your children?
 Q. Now, did you tell her that you would do this to get her to sign this agreement?
We note that the trial court has a vast discretion in ruling on objections to questions contended to be leading. In addition, this court will not put the trial court in error for such a ruling unless it is plainly and palpably wrong. All Am.Life Cas. Co. v. Dillard, 287 Ala. 673, 255 So.2d 17 (1971).
Furthermore, a judgment should not be reversed for the improper admission of evidence unless it appears that the error complained of has probably injuriously affected the substantial right of the parties. Rule 45, ARAP. Our review of the record does not reveal that the substantial right of the parties was so affected by the above.
In any event, in this instance, the objections to the question came after the witness answered the questions and no motion was made to exclude such answers. Under these circumstances, we will not put the trial court in error.Gilbreath v. Gilbreath, 278 Ala. 289, 177 So.2d 915 (1965).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.