SHORES, Justice.
This is an appeal from a summary judgment entered in favor of American Income Life Insurance Company (hereinafter “American Income”) on its third-party complaint against Denver Shotts. We affirm.
Terry W. Shotts was the insured under a life insurance policy issued by American Income. Terry’s wife, Marsha, was the named beneficiary, and his father, Denver Shotts, was the contingent beneficiary. On April 28, 1985, Terry and Marsha were involved in an automobile accident that resulted in both their deaths. Terry died at 4:50 p.m. on the 28th; however, Marsha survived until 8:09 a.m. on the 29th.
Subsequent to these events, Denver Shotts contacted American Income and inquired as to the status of the insurance policy. American Income responded by sending Mr. Shotts a letter outlining the necessary information and procedure for processing the claim. The letter further stated:
“P.S. According to our telephone conversation Terry and Marsha died within 12 hours of one another. If there is no Alabama state law to the contrary, the claim would be paid as though the beneficiary did survive the insured. Therefore, the benefits would be made payable to Marsha Shotts’s estate. If there is an Alabama state law concerning survivor-ship, we need a copy of the law.”
*1245 In response to this request, Mr. Shotts’s attorney forwarded a copy of Ala.Code (1975), § 43-8-43, and the corresponding commentary, to American Income. In his accompanying letter, the attorney stated, “[F]or the purpose of passing of property under Alabama law, it may not be presumed that Marsha survived Terry because it is a fact that they died within 16 hours of one another.” Section 43-8-43 provides, “Any person who fails to survive the decedent by five days is deemed to have predeceased the decedent for purposes of homestead allowance, the exempt property and intestate succession, and the decedent’s heirs are determined accordingly.” This statute has no application to insurance policies. It addresses intestate succession.
On June 27, 1985, American Income paid the benefits of the policy to Denver Shotts. Subsequent to this payment to Mr. Shotts, Orville Mitchell, as administrator of the estate of Marsha Shotts, filed a claim against American Income. After his claim was denied, Mr. Mitchell filed suit against American Income, which filed a pleading designated “Third Party Complaint and In-terpleader” naming Denver Shotts as a party defendant. The third-party complaint was filed for the purpose of recovering the benefits paid by American Income to Mr. Shotts. The trial court entered a summary judgment in favor of Mr. Mitchell, holding that Marsha Shotts’s estate was entitled to the benefits of the proceeds, and that American Income was entitled to recover the benefits erroneously paid to Denver Shotts.
The decision of the trial court that Marsha’s estate was the proper beneficiary under the terms of the policy is not contested. The sole issue for our determination is whether the trial court properly entered the summary judgment in favor of American Income requiring Shotts to refund the proceeds paid to him by American Income.
We agree with the appellant’s contention that this action was not appropriate for the use of interpleader provisions; however, we disagree with his contention that the outcome in this case is governed by the rule that money voluntarily paid with knowledge of all of the facts and by reason of a mistake of law cannot be recovered.
There are no allegations that Shotts intended to defraud or deceive the insurance company, and indeed there is no evidence of an intentional misrepresentation. However, as unwise as it was, the insurance company did act in reliance on the representations made by Mr. Shotts’s attorney. Clearly, the mistake of American Income was not a unilateral mistake, and due to Shotts’s involvement in causing this mistake, it would be inequitable to allow Shotts to keep the proceeds while American Income is forced to pay benefits to Mr. Mitchell.
While it is generally true, as appellant contends, and as the Chief Justice noted in Sherrill v. Frank Morris Pontiac-Buick-GMC, Inc., 366 So.2d 251 (Ala.1978), that “money voluntarily paid with full knowledge of the facts but by reason of mistake of law cannot be recovered,” it is equally well settled law that “A misrepresentation as to a matter of law is an actionable misrepresentation of fact if it appears that it was so intended and understood and where it amounts to an implied assertion that facts existed which justified the conclusion of law reached.” Allison v. Stevens, 269 Ala. 288, 291, 112 So.2d 451 (1959).
We cannot imagine a more inequitable result than that argued by the appellant. His lawyer’s representations led to the erroneous payment to him. He should not now be allowed to defeat a claim for recovery of these funds by his assertion that he was paid because of a mistake of law. As the United States Court of Appeals for the Eighth Circuit said in Glover v. Metropolitan Life Insurance Co., 664 F.2d 1101, 1103 (8th Cir.1981):
“[WJhatever may be the status of the general rule, it is universally acknowledged that equity always relieves against a mistake of law when the surrounding facts raise an independent equity, as where the mistake is induced or accompanied by inequitable conduct of the other party.”
*1246 Because the foregoing facts were undisputed, the trial court properly entered a summary judgment requiring Shotts to return the proceeds erroneously paid by American Income. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.