This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties and awarded the wife alimony and certain other property contrary to an antenuptial agreement. The trial court found the antenuptial agreement to be void and not binding on the wife.
Both parties through able counsel appeal. The wife appeals, contending that the awards to her are inadequate. The husband appeals, contending that the trial court erred in concluding that the antenuptial agreement was void.
The dispositive issue on appeal is whether the trial court erred in holding the antenuptial agreement void. We find that the trial court did err in this determination and reverse.
The record in pertinent part reveals the following: The parties were married in 1978 and separated in 1986. Both parties had been married twice prior to their marriage to each other. At the time of their marriage, the husband and wife were fifty-five and thirty-five years old respectively.
Prior to their marriage the parties lived together approximately five months. During this time the wife accompanied the husband on several trips to certain properties *Page 1349 
owned by the husband. It was the wife's testimony that she was aware that the husband owned the home in which they were residing at the time of their marriage. Further, she acknowledged that she had been to a condominium and knew that the husband or his company owned it. She stated that the husband also showed her other property which he owned and that she knew that the husband owned a company from which he derived his principal income.
The record further reveals that prior to the marriage the parties discussed an antenuptial agreement. The husband testified that in view of his recent second divorce, he would not get married again without an antenuptial agreement. The wife testified that she knew that the husband would not marry her unless she agreed to sign the agreement. She further testified that she had discussed the agreement with the husband and was aware that he had contacted an attorney to draft such an agreement. She stated that she did not care if the husband had the agreement drawn up and that she would sign it.
The attorney who drafted the agreement testified that he discussed the agreement with the parties prior to drafting the agreement. He testified that he advised the wife that she should have her own lawyer look at the agreement before she signed it. He further testified that after completing the agreement, he took it to the husband's home for the parties' signature. He stated that he explained to the wife what the agreement contained and advised her that in the event of divorce she would not be entitled to anything. He testified that he again advised both parties to have their own lawyers examine the agreement before signing, but that both parties declined to do so. The husband and wife then signed the antenuptial agreement and were married the next day.
The agreement in pertinent part is as follows:
 "1. In the event of a divorce between the parties hereto, initiated by either party, [the wife] shall not be entitled to any alimony, support or property division or distribution of any kind or character. [The wife] shall be entitled only to that property which she personally owns and any earnings thereon, or any property given to her by [the husband], provided said gift is made by a written and properly executed instrument."
After eight years of marriage, the wife petitioned the trial court for a divorce, requesting alimony and a property settlement. The husband answered, setting up the antenuptial agreement as a bar to any interest in his estate.
As noted above, the learned trial judge held that the agreement was void and, therefore, did not bar the wife from obtaining any interest in the husband's estate.
At the outset we note that antenuptial agreements are valid in Alabama. Barnhill v. Barnhill, 386 So.2d 749 (Ala.Civ.App. 1980). However, courts scrutinize such agreements to determine whether they are "just and reasonable."
We have held that an antenuptial agreement will be held valid as "just and reasonable" if the husband is able to show that certain conditions have been met. Barnhill, 386 So.2d 749. Here, the husband must show that the consideration was adequate and that the entire transaction was fair, just, and equitable from the wife's point of view or that the agreement was freely and voluntarily entered into by the wife with competent, independent advice and full knowledge of interest in the estate and its approximate value. Meeting the requirements of either of the above tests is sufficient to give effect to an antenuptial agreement.
Marriage may, under appropriate circumstances, be sufficient consideration for an antenuptial agreement.Barnhill, 386 So.2d 749. In this instance marriage was clearly part of the consideration for executing this agreement. The husband was adamant in demanding that the wife sign an antenuptial agreement before he would marry her. As stated above, the wife was aware that it was necessary for her to sign the agreement in order to marry the husband. Therefore, it can be concluded *Page 1350 
that the marriage itself was sufficient consideration to support the antenuptial agreement.
As noted above, not only must the consideration be adequate, but the entire transaction must have been fair, just, and equitable from the wife's point of view. In this instance there is absolutely no evidence of fraud or duress in the execution of the agreement. The attorney who drafted the agreement testified that he advised the wife of its content and effect and further advised her to seek independent advice.
Further, the evidence is that the husband and wife had discussed the agreement prior to their marriage and that the wife voluntarily agreed to sign. The testimony was that the wife chose not to seek independent advice contrary to the recommendation of the attorney who prepared the agreement.
The evidence in all respects indicates that the antenuptial agreement was entered into voluntarily and, furthermore, that the wife knew what she was relinquishing when she signed the agreement. Additionally, the record indicates that the wife at least had a general knowledge of the extent of the husband's estate. All of the above indicates that there was adequate consideration and that the transaction was fair, just, and equitable.
It would appear to this court that a spouse should not be able to avoid an agreement signed before marriage simply by showing a substantial difference between his or her rights under the agreement and what might have been awarded by a court in the absence of such agreement. Put another way, "unfairness" under the instant facts does not relate to the amount awarded to a spouse pursuant to an antenuptial agreement.
In view of the above, we find the trial court's findings that the antenuptial agreement was void to be in error. There was sufficient evidence to establish adequate consideration, and furthermore, there was sufficient evidence to establish that the entire transaction was fair, just, and equitable from the wife's point of view. Barnhill, 386 So.2d 749.
In view of the above, all other issues are pretermitted.
This case is due to be reversed and remanded with instructions to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.