This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties and effectuated a property settlement. The husband appeals. We affirm.
The husband's only argument on appeal is that the trial court erred in awarding a condominium unit to the wife in view of the antenuptial agreement. Therefore, we must determine whether there was a valid antenuptial agreement between the parties.
At the outset we note that antenuptial agreements are valid in Alabama. Woolwine v. Woolwine, 519 So.2d 1347
(Ala.Civ.App. 1987). However, courts scrutinize such agreements to determine whether they are just and reasonable. See Woolwine,519 So.2d 1347; Barnhill v. Barnhill, 386 So.2d 749
(Ala.Civ.App. 1980).
In order for an antenuptial agreement to be valid, the one seeking to enforce the agreement has the burden to show that the consideration was adequate and that the entire transaction was fair, just, and equitable from the other party's point of view or that the agreement was freely and voluntarily entered into with competent, independent advice and full knowledge of any interest in the estate and its approximate value.Woolwine, 519 So.2d 1347.
Here, the record reveals that, although it had been discussed previously, the wife was not presented with the antenuptial agreement until the evening prior to her wedding. She testified that she did not understand the provisions of the agreement and refused to sign that evening. She further testified that, in view of the limited time before she was to be married, she was not able to contact an attorney to get an explanation of the agreement and its effect on her. The record does reveal, however, that on the day of the wedding, prior to leaving for the church, the wife did sign the agreement. She testified that she did so with the condition that the agreement be rewritten. In fact, the record reveals that the husband printed, "To be rewritten in Jan. '82," at the bottom of the agreement and that both parties either signed or initialed the added provision.
In view of the above and after a careful review of the record, we find that the husband failed to meet his burden of proof. We are not convinced that the transaction was fair and just from the wife's point of view, nor is there any evidence that the wife freely and voluntarily entered into the agreement with independent legal advice. Therefore, we cannot say that the trial court erred in awarding the condominium to the wife.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur. *Page 1001