ROBERTSON, Judge.
This is a child custody case.
The parties were divorced on December 4, 1989. Pursuant to the divorce decree, the father was awarded custody of the parties’ minor daughter. Additionally, the father was ordered to pay $10,000 as the mother’s attorney’s fee, in spite of a prenuptial agreement to the contrary.
The mother appeals as to the court’s award of custody of the minor daughter to the father. The father cross appeals as to the court’s determination that he pay the mother’s attorney's fee.
In divorce cases, where evidence is presented ore tenus, a child custody determination is committed to the sound discretion of the trial court and will not be reversed on appeal absent a finding that the determination is so unsupported by the evidence as to be plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). This standard recognizes the trial court’s unique position to observe the parties and hear their testimony. Smith v. Smith, 448 So.2d 381 (Ala.Civ.App.1984).
The factors that enter into the court’s custody determination include the child’s age and sex and each parent’s ability to provide for the child’s educational needs, emotional needs, material needs, moral needs, and social needs. Tims v. Tims, 519 So.2d 558 (Ala.Civ.App.1987). Likewise, it is proper for the court to consider the “characteristics of those seeking custody, including age, character, stability, *1351 mental and physical health ... [and] the report and recommendation of any expert witnesses.” Ex parte Devine, 398 So.2d 686, 696-97 (Ala.1981).
After having examined the record and having applied the aforementioned review standard, we fail to find any abuse of discretion by the trial court in its awarding custody of the daughter to the father. We note the following record evidence. The father has a steady job. On the other hand, the mother lost three jobs during the parties’ marriage. Evidence was presented that indicated the mother committed adultery during the parties’ marriage. Further, one of the experts who testified in the case concluded that the father would provide the more stable environment for the child. In view of this evidence, we cannot say the court erred in granting custody of the child to the father.
Concerning the issue of the mother’s attorney’s fee, the mother asserts that the father has not preserved this issue for appeal. However, we have carefully examined the record and find that the husband did present this issue to the trial court and invoked an adverse ruling.
A trial court has the discretion to award an attorney’s fee in a divorce action. Klyce v. Klyce, 429 So.2d 1081 (Ala.Civ.App.1983). However, in this case the parties executed a pre-nuptial agreement, which provided that the father was not obligated to pay the mother’s attorney’s fee in the event of a divorce.
In Barnhill v. Barnhill, 386 So.2d 749 (Ala.Civ.App.1980), we held that a pre-nuptial agreement will be enforced if the party seeking to enforce the agreement can show one of the following: the consideration for executing the agreement was adequate and the entire transaction was fair, just and equitable from the other party’s point of view or the agreement was both freely and voluntarily entered into by the other party with competent, independent advice and with full knowledge of that party’s interest in the other’s estate, as well as its approximate value.
We reiterate that the test in Barnhill is phrased in terms of an “either-or” requirement. Woolwine v. Woolwine, 519 So.2d 1347 (Ala.Civ.App.1987). Thus, if the husband established that the consideration was adequate and that the entire transaction was fair, just, and equitable from the wife’s perspective, then the agreement would be valid and enforceable. Woolwine.
Marriage alone may furnish sufficient consideration for a pre-nuptial agreement. Woolwine. Here, the husband said he would not have married the wife without the agreement. Consequently, we can conclude that marriage itself was sufficient consideration to support the agreement. Woolwine. Likewise, we note that the wife has a master’s degree and was capable of comprehending the effect of the agreement.
Further, she was advised by the husband’s attorney to secure outside legal advice and apparently chose not to do so. We would also note that the wife lived with the father for six months prior to their marriage and should have had “at least a general knowledge of the extent of the husband’s estate.” Woolwine, at 1350.
In short, the evidence indicates that adequate consideration was present and that the entire transaction was fair, just, and equitable. Consequently, it was error not to enforce that part of the prenuptial agreement regarding attorney fees. Therefore, we must reverse that part of the trial court’s order awarding the wife the $10,000 attorney’s fee.
The husband’s request for an attorney’s fee on appeal is denied.
AFFIRMED IN PART AND REVERSED IN PART.
INGRAM, P.J., and RUSSELL, J., concur.