The parties married in June 1991 and separated in September 1991. In October 1991 the wife filed a complaint for divorce in the Circuit Court of Tallapoosa County on the ground of incompatibility of temperament. The husband, appearing pro se, answered the complaint and denied the allegations complained of therein. He requested that the complaint be dismissed because the parties had entered into a prenuptial agreement in which they had agreed that they would never divorce. The husband further requested a jury trial.
The trial court denied the demand for jury trial. It further found "[t]he purported pre-nuptial agreement on its face is invalid and is not a contract which can be recognized by this court as a matter of law. It is void as against public policy on its face. Further, it is so vague and unintelligible as to be unenforceable."
A hearing on the merits of the complaint was held in January 1992. The wife testified that the husband physically and mentally abused her and that he was not competent. The husband, representing himself, did not cross-examine the wife and did not offer any evidence.
The trial court divorced the parties on January 8, 1992. No property division was requested and no property division was granted. The husband appeals.
The husband's brief is not a paradigm of clarity. From what we are able to glean from it, it appears that he is attacking the *Page 110 
trial court's finding concerning the validity of the prenuptial agreement. He also maintains that the trial court erred in denying his demand for jury trial.
Prenuptial agreements are valid in Alabama. Barnhill v.Barnhill, 386 So.2d 749 (Ala.Civ.App. 1980). Such agreements, however, must be carefully scrutinized by the trial court to determine whether they are just and reasonable. Barnhill.
The crux of the agreement is the statement that the parties "can never divorce, leave or separate in any form thereof." The agreement provides the following penalty for noncompliance:
 "Any part of this contract broken by either party, a minimum of ($1,000.00) one thousand, to a maximum of ($5,000.00) five thousand dollars per week to be paid to the innocent party and collected by the clerk of Clay County. The clerk shall pay the estate of, or the executor of will, for a term of no less than (20) twenty years. Any failure to make regular payments after (30) thirty days, the guilty party will have to serve out the balance in jail, with a credit of ($25.00) twenty five dollars a day."
We find it unnecessary to decide whether a prenuptial contract for the wife never to seek a divorce nor separate from her husband for any reason is contrary to public policy. We find it sufficient to hold that the trial court correctly held the contract in this case to be so unjust and devoid of reasonableness as to be denied enforcement in a court of equity. Such a contract smacks of the Middle Ages when a wife was locked in the castle when the husband went away to war. It negates the rights of the wife provided by the divorce statutes of this state.
We further affirm the granting of the judgment of divorce because the wife established, without dispute, statutory grounds for it.
We find the trial court's denial of the husband's demand for a jury trial to be appropriate because there is no right to a jury trial in a divorce proceeding. Shelton v. Shelton,376 So.2d 740 (Ala.Civ.App. 1979).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.