THIGPEN, Judge.
This is a divorce case.
Prior to the parties’ marriage in 1982, they signed an antenuptial agreement which addressed the issues of alimony and property division in the event of failure of the marriage. In 1990, the wife filed a divorce complaint, seeking, inter alia, alimony and a property division. The husband answered and filed a counterclaim seeking similar relief. Pursuant to the trial court’s order, a master was assigned to determine and report to the court regarding the divorce action. The trial court ratified and confirmed the master’s report, then proceeded to receive ore tenus evidence regarding the validity of the ante-nuptial agreement. The trial court made numerous findings regarding the agreement, including: that the wife had reasonable knowledge of the extent of the estate of the husband prior to the execution of the agreement, that the wife had opportunity to consult independent counsel regarding the terms of the agreement before voluntarily signing it, that no trickery or deceit was used in executing the agreement, and *1231 that the terms of the agreement were fair and equitable. Ultimately, the trial court adopted the antenuptial agreement in the divorce judgment. The wife’s post-judgment motion was denied; hence, this appeal.
The dispositive issue on appeal is whether the trial court erred in finding the ante-nuptial agreement valid regarding alimony and the property division.
First we note that a divorce judgment entered following the presentation of evidence ore tenus is presumed correct, and that the issues relating to the division of property and alimony rest within the sound discretion of the trial court. Elliott v. Elliott, 579 So.2d 1383 (Ala.Civ.App.1991). Antenuptial agreements are recognized in Alabama; however, the trial court must carefully scrutinize such agreements to determine whether they are just and reasonable. Ex parte Walters, 580 So.2d 1352 (Ala.1991); Coggins v. Coggins, 601 So.2d 109 (Ala.Civ.App.1992); Mixon v. Mixon, 550 So.2d 999 (Ala.Civ.App.1989); and Barnhill v. Barnhill, 386 So.2d 749 (Ala.Civ.App.1980). The trial court must determine whether there was adequate consideration, whether the transaction was fair and just and equitable, and whether the agreement was entered freely and voluntarily. Walters, supra; Mixon, supra; and Barn-hill, supra. Further, marriage may be adequate consideration for an antenuptial agreement. Ruzic v. Ruzic, 549 So.2d 72 (Ala.1989).
In the instant case, each party had adult children by previous marriages and had separate estates prior to this marriage, and there were no children born during this marriage. The antenuptial agreement provided that if the marriage should “fail” prior to the death of either party, then, in lieu of alimony and support, the wife would accept a property settlement equal to one-half the increase in the fair market value of the husband’s net estate between the dates of the initiation and the termination of the marriage. The agreement provided that the value of that amount would be computed by a named accountant or firm familiar with the husband’s business affairs. There was evidence that the parties were involved in a relationship for over two years prior to their marriage, and that during that time the wife visited the husband’s properties and had sufficient knowledge of his estate.
The record reveals that the husband informed the wife that he would not marry her until she signed an agreement. The wife visited the office of the attorney who drafted the agreement and she was given an explanation and an opportunity to seek independent counsel regarding the agreement. The evidence is unclear whether she actually sought separate legal advice while contemplating the agreement. Several days after reviewing the agreement, the wife returned to the office of the attorney and signed it. It is undisputed that the wife freely and voluntarily signed the agreement.
No legal purpose would be served by further detailing the specifies in the instant case. We have carefully and thoroughly reviewed the entire record. We find ample evidence to support a finding that the requirements have been met to establish a valid antenuptial agreement between these parties. Therefore, we will not disturb the trial court’s judgment. The judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.