L. CHARLES WRIGHT, Retired Appellate Judge.
The parties signed an antenuptial agreement prior to their marriage in 1989. In 1992 the wife filed for divorce. Following oral proceedings, the trial court divorced the parties, finding the antenuptial agreement to be valid and enforceable. The wife appeals.
*885 The sole issue on appeal is whether the trial court erred in finding the antenuptial agreement to be valid.
Antenuptial agreements are valid in Alabama if they are just and reasonable. Mixon v. Mixon, 550 So.2d 999 (Ala.Civ.App.1989). The party seeking to enforce the agreement has the burden to show that consideration was adequate and that the entire transaction was fair, just, and equitable, or that the agreement was entered into freely and voluntarily by the other spouse, with competent, independent advice and with a full disclosure of the value of the property in question. Ex parte Williams, 617 So.2d 1032 (Ala.1992). The burden of proof is in the disjunctive. Ex parte Williams.
The record reflects that the wife was 17 years old when she first started living with the husband. Approximately three years later she became pregnant. The parties planned to marry in June 1989. The wife was three months’ pregnant at the time. The husband informed the wife that she would have to sign an antenuptial agreement prior to the wedding date. The wife contacted an attorney to discuss the agreement. The wife signed the agreement, but on the advice of her attorney, did so with the following qualification “due to duress and being pregnant.” The husband would not accept the conditional signature. He refused to go through with the June 1989 wedding.
The husband informed the wife that he still wanted to marry her but that she would have to sign the antenuptial agreement. In October 1989 the wife contacted another attorney to discuss the agreement. She testified that the attorney advised her not to sign the agreement. She testified that she signed the agreement because she did not want her child to be born out of wedlock. Attached to the agreement was an exhibit listing the husband’s assets and his anticipated inheritance. The parties were married in November 1989, and their child was born shortly thereafter. The wife was 20 years old.
The wife asserts that the antenuptial agreement is invalid because she did not sign it voluntarily. She insists that she signed the agreement under coercive circumstances.
We have thoroughly reviewed the record and find that the husband met his burden. The evidence was sufficient to show that the wife voluntarily signed the agreement, with competent, independent advice and full disclosure. We find no error in the trial court’s judgment. That judgment is affirmed.
Both parties request attorney fees on appeal. Their requests are denied.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.