CRAWLEY, Judge.
Miles Carl Dutton and Patricia Dutton entered into an antenuptial agreement. By one provision of that agreement, the wife relinquished her rights to the husband’s estate. The agreement also required that the husband purchase the wife a house and a car. The provision reads as follows:
“9. The parties herein acknowledge a desire on the part of the Husband, and a need on the part of the Wife, that upon the event of the Husband’s death, satisfactory housing accommodations and reliable transportation will be available to the Wife. As such, it is agreed between the parties, that as additional consideration for the execution of this Agreement, within six (6) months of the solemnization of the marriage:
“A. the Husband a will purchase a house, at a price not to exceed $35,-000.00, nor to be less than $30,000.00, with title thereto to be held jointly with right of survivorship by the Husband and Wife....
“B. the Husband shall purchase for or otherwise provide to the Wife a dependable automobile not more than five (5) model years old, ownership to be held by and solely in the name of the Wife, said automobile being her property forevermore.”
The husband has died. This is the second time these present parties have been before this court concerning the antenuptial agreement. See Lemaster v. Dutton, 694 So.2d 1360 (Ala.Civ.App.1996). The widow first contested the validity of the antenuptial agreement. The trial court held the agreement invalid, and Janet Lemaster, an heir-at-law to the husband’s estate, appealed. Our prior opinion reversed the trial court’s judgment holding the antenuptial agreement invalid and remanded the ease for the trial court to determine whether the antenuptial agreement had been breached and what damages, if any, the widow was entitled to for that breach. Lemaster, 694 So.2d at 1367. The trial court has made that determination, finding that Mr. Dutton breached the agreement and awarding damages to the widow in the amount of $29,000. The widow appeals; we affirm.
The widow argues on appeal that the consideration for the antenuptial agreement totally failed, thus excusing her performance under the agreement. A total failure of consideration can be an excuse for nonperformance. See id. at 1366 (citing 17A Am. Jur.2d Contracts § 670 (1991)). However, in our prior opinion, we addressed the widow’s argument that the consideration for the agreement had failed. Lemaster, 694 So.2d at 1366. We stated:
“[T]he widow cannot allege a total failure because she and Mr. Dutton were married, *862 and marriage itself is sufficient consideration for an antenuptial agreement. See Woolwine v. Woolwine, 519 So.2d 1347, 1349 (Ala.Civ.App.1987). However, where an agreement recites additional consideration for a relinquishment of property rights, as does this agreement, and that recited consideration totally fails, some authority exists for the proposition that the party asserting the defense of failure of consideration may be released from the agreement and may assert those property rights. 41 Am.Jur.2d Husband and Wife § 293 (1968). The antenuptial agreement at issue here recited additional consideration in the form of a house and a car to be purchased for the widow; according to the evidence in the record, the widow has at least received physical possession of a car. If that fact is true, then the enumerated consideration has not totally failed, and the widow cannot be released from the agreement.”

Id.

The trial court’s judgment holding that the consideration for the antenuptial agreement had not totally failed is supported by our prior opinion and the evidence at the hearing on the issue of breach. Whether a breach has occurred is a question of fact for the trial court to resolve. David Lee Boykin Family Trust v. Boykin, 661 So.2d 245, 251 (Ala.Civ.App.1995) (quoting Johnson v. Jagermoore-Estes Properties, 456 So.2d 1072, 1075 (Ala.1984)). Several witnesses testified that the widow at least had use of the car before Mr. Dutton’s death, and the widow herself admits to owning the car at this time. She does argue that she purchased the car herself. The trial court’s finding that the widow possessed a car, as promised under the antenuptial agreement, is based on ore tenus evidence, and, therefore, will not be reversed unless that finding is plainly and palpably wrong or unjust. Tibbs v. Anderson, 580 So.2d 1337, 1339 (Ala.1991). We find the trial court’s finding to be supported by the evidence.
The widow’s second argument is that the damages awarded her for Mr. Dut-ton’s breach of the antenuptial agreement are not supported by the record. As stated earlier, a trial court’s judgment is presumed correct when its decision is based on ore tenus evidence; in such a case, “the findings of [that] court are presumed correct and will not be set aside unless they are plainly and palpably wrong or unjust.” Tibbs, 580 So.2d at 1339 (citing Knox Kershaw, Inc. v. Kershaw, 552 So.2d 126 (Ala.1989)). As we stated in Lemaster:
“The rule in Alabama is that damages for breach of contract ‘should return the injured party to the position [she] would have been in had the contract been fully performed.’ Garrett v. Sun Plaza Development Co., 580 So.2d 1317, 1320 (Ala.1991) (citations omitted). In no event, however, should the injured party be placed in a better position than she would have been [in] had the contract been performed. Id. (citation omitted).”
Lemaster, 694 So.2d at 1366. The trial court’s damages award appears to take into consideration the widow’s realization of profit from the sale of the motor home owned by her and Mr. Dutton and the stated amount of the purchase price of the house referred to in the antenuptial agreement itself. The amount awarded, $29,000, is equal to the amount of profit the widow realized from the sale of the motor home, $6,000, subtracted from the amount of the highest priced house under the agreement, $35,000. In light of the ore tenus presumption that applies to this case, we cannot say the trial court erred in awarding $29,000 to the widow.
The widow has filed a motion to strike the references in the estate’s brief to the prior record on appeal. That motion is denied.
The estate has filed a motion to strike additions to the widow’s brief that were not exhibits in the trial court. That motion is granted.
The appellee’s request for an attorney fee on appeal is granted in the amount of $1,000.
AFFIRMED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J„ concur in the result.