MOORE, Judge,
dissenting.
I agree that, if this court could consider the merits, the partial summary judgment should be reversed. In his motion for a partial summary judgment, John R. Williams (“the husband”) appended an antenuptial agreement executed by him and Denise M. Williams (“the wife”) on October 19, 2004, and argued that it precluded the wife’s claims for alimony and a property division. In her response, the wife argued, based on facts asserted in her affidavit, that the antenuptial agreement was invalid under the analysis employed in Allison v. Stevens, 269 Ala. 288, 291, 112 So.2d 451, 452 (1959), as reiterated in Barnhill v. Barnhill, 386 So.2d 749, 751 (Ala.Civ.App.1980). In reply, the husband argued, primarily, that the Elmore Circuit Court (“the trial court”) should not consider the wife’s affidavit to the extent that it contradicted the terms of the antenuptial agreement, the contents of which completely satisfied the Allison/Bamhill test. However, the husband did not move to strike the wife’s affidavit, thus waiving any objection to its admissibility. See Ex parte Secretary of Veterans Affairs, 92 So.3d 771, 776-77 (Ala.2012). Hence, the trial court could consider the wife’s affidavit testimony despite the parol evidence rule, which generally precludes a party from contradicting his or her own written contractual agreement. Cf. R.B.S. v. K.M.S., 58 So.3d 795, 803-10 (Ala.Civ.App.2010) (arguing that parol evidence rule should be interpreted as preventing consideration of oral testimony contradicting written agreement even if party fails to object to testimony). The affidavit testimony of the wife tends to prove that “the entire transaction was [not] fair, just and equitable from the [wife’s] point of view” and “that the agreement was [not] freely and voluntarily entered into by the wife with competent independent advice and full knowledge of her interest in the estate and its approximate value.” Allison 269 Ala. at 291, 112 So.2d at 453; Barnhill, 386 So.2d at 751.
That being said, however, I do not believe that this court can consider the appeal. I agree with the main opinion that the trial court completely disposed of a separate claim when it entered the partial summary judgment, see Pearson v. Darrington, 32 Ala. 227 (1858) (treating a claim for divorce as separate from a claim for a “marriage settlement”), but I nevertheless find that the trial court exceeded its discretion in certifying the judgment as final under Rule 54(b), Ala. R. Civ. P.
Rule 54(b) provides that a court may certify a judgment as final only upon “an express determination that there is no just reason for delay.” Rule 54(b) commits that determination to the sound discretion of the trial judge, see 2 Champ Lyons & Ally Windsor Howell, Alabama Rules of Civil Procedure Annotated § 54.3 (4th ed.2014), because, among other things, he or she is most familiar with “the likely rate of progress of the portions of the case that remain.” 15A Charles Alan Wright et al., Federal Practice and Procedure § 3914.7 (2d ed.1992). Thus, in reviewing a Rule 54(b) certification for an abuse of discretion, see generally Scrushy v. Tucker, 955 So.2d 988, 996 (Ala.2006), this court may *792 evaluate whether the trial court properly-determined that the remaining claims would be pending for a significant period so as to warrant immediate appellate review of the adjudicated claims, which immediate review, this court and our supreme court have repeatedly emphasized, should be reserved only for those exceptional circumstances in which normal appellate review would lead to harsh effects. See, e.g., Fuller v. Birmingham-Jefferson Cnty, Transit Auth., 147 So.3d 907 (Ala. 2013); and Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996), overruled on other grounds, Schneider Nat’l Carriers, Inc. v. Tinney, 776 So.2d 763 (Ala.2000).
In this case, upon entry of the partial summary judgment, the trial court only had to adjudicate the remaining claim for divorce, which was based on incompatibility of temperament and an irretrievable breakdown in the marriage. See Ala.Code 1975, § 30-2-l(a)(7) & (9). In its partial summary judgment, the trial court, immediately after certifying the judgment as final, stated: “Upon the filing by the Husband of an Affidavit showing the grounds for the divorce, this Court will enter its standard divorce decree.” The husband filed the aforementioned affidavit on the same day the trial court entered its partial summary judgment, about four hours later. Hence, the record shows that the only outstanding claim could have been adjudicated almost simultaneously with the partial summary judgment so as to allow the entry of a final judgment without the need for a Rule 54(b) certification, as the main opinion acknowledges. 218 So.3d at 787 n. 3.
Because the only remaining claim could have been adjudicated forthwith, neither party would have been subjected to any harsh effect by awaiting a final judgment in this case. The trial court thus exceeded its discretion in determining that there was “no just reason for delay” and in certifying the partial summary judgment as final for the purposes of appellate review under Rule 54(b). Accordingly, this court should dismiss the appeal as arising from a nonfinal judgment, which has been improperly certified. See Pavilion Dev., L.L.C. v. JBJ P’ship, 142 So.3d 535 (Ala. 2013).
DONALDSON, J., concurs.