ON APPLICATION FOR REHEARING
RUSSELL, Judge.
This court’s original opinion, which was released on February 28, 1992, is withdrawn and the following is substituted therefor:
The trial court granted partial summary judgment to the husband in this divorce case. The wife’s motion to reconsider was denied and was certified for appeal, pursuant to Rule 54(b), Alabama Rules of Civil Procedure. The wife appeals, contending that the trial court erred in granting partial summary judgment. We affirm.
At the outset we note that summary judgment is proper only when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, A.R.Civ.P.; McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). The same standard must be applied by this court when reviewing the trial court’s grant of a summary judgment. Southern Guaranty Insurance Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989).
The facts in this case are as follows: The husband filed for divorce on January 22, 1991, seeking a property settlement pursuant to an antenuptial agreement entered into by the parties on June 14, 1984.
Prior to the marriage and while the parties were dating, the wife became pregnant. The husband told the wife that he would not marry her unless she signed the antenuptial agreement. The agreement was prepared by the husband’s attorney, who read the agreement to the wife in his office. The wife also took the agreement to another attorney recommended by her husband, who, according to the wife’s testimony, read the agreement, but did not discuss it with her. According to her, she was too upset to ask questions and cried throughout the time that she was in the attorney’s office. The agreement provides that in the event of legal termination of the marriage, the wife is to receive $1,000 per year for each year that the parties are married to a maximum of ten years. The parties were married for approximately seven years, and two children were born of the marriage.
The trial court granted partial summary judgment as to the issues of property settlement, alimony, and support as deter *1031 mined by the antenuptial agreement, finding that the “consideration for said Agreement was adequate, that the entire transaction was fair, just and equitable from the [wife’s] point of view, that the Agreement was freely and voluntarily entered into with competent, independent advice and with full knowledge of the [wife’s] interest of the [husband’s] estate and its approximate value.”
The wife contends that the trial court erred in granting partial summary judgment because (1) the husband had not complied with discovery requests, and she had sought to compel production, requested a continuance, and stated that discovery was needed to obtain crucial evidence for her case and (2) genuine issues of material fact existed regarding both the execution of the antenuptial agreement and preexecution disclosure of the husband’s income and assets.
Summary judgment is not barred by the mere pendency of discovery. Hope v. Brannan, 557 So.2d 1208 (Ala.1989); Reeves v. Porter, 521 So.2d 963 (Ala.1988). However, it is error for the trial court to grant a summary judgment if it can be ascertained that discovery is crucial to the nonmoving party’s case. The burden for showing that the discovery is crucial is on the nonmoving party. Hope v. Brannan; Reeves v. Porter.
Rule 56(f), A.R.Civ.P., provides as follows:
“Should it appear from the affidavits of a party opposing the [summary judgment] motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.”
In Reeves the Alabama Supreme Court stated that the appellants had not complied with Rule 56(f) or proved that the matter sought by discovery is or may be crucial to the nonmoving party’s ease. The record indicated that the Reeveses had not sought to compel production of documents or answers to interrogatories, had not requested a continuance of the hearing on the motion for summary judgment to allow production or answers, and had not mentioned in a motion for reconsideration, or in the supporting memorandum, that items had not been produced or answers filed that would affect the motion for summary judgment.
In the present case the wife filed a motion on March 13, 1991, prior to the hearing on partial summary judgment on April 2, 1991. That motion stated that interrogatories had not been answered; that those answers were necessary to preparation of the case and to determine the extent, amount, and true nature of the husband’s assets and income; and requested that the cause be continued pending further discovery and preparation by the wife and her counsel. The cause was continued; however, the summary judgment hearing was delayed four days and was held on April 2nd, and summary judgment was granted.
In addition, the wife’s memorandum in opposition to the husband’s motion for summary judgment stated that fact finding was required on issues of fraud, misrepresentation, coercion, severe duress, and lack of independent counsel and that the agreement was signed under duress and with the wife having a very limited knowledge of the husband’s assets and income. Examples were given from the wife’s deposition of assets and income of which she was unaware at that time.
Clearly, the wife brought to the attention of the trial court the fact that discovery was pending which she considered crucial to her case. See Reeves. However, we must next determine whether the pending discovery would relate to issues that could be crucial to the determination of the validity of the agreement.
Antenuptial agreements are valid in Alabama if they are just and reasonable. Barnhill v. Barnhill, 386 So.2d 749 (Ala.Civ.App.1980). The husband has the burden of showing that only one of the following tests has been met in determining if such an agreement is just and reasonable: (1) that the consideration was adequate and *1032 the entire transaction was fair, just, and equitable from the wife’s point of view or (2) that the agreement was entered into freely and voluntarily by the wife, with competent independent advice and full knowledge of her interest in the estate and its approximate value. Id.; Woolwine v. Woolwine, 519 So.2d 1347 (Ala.Civ.App.1987).
This court has held that marriage may be sufficient consideration for an ante-nuptial agreement and that this is particularly true when other factors are present, such as the husband’s relinquishment of any rights in the wife’s estate. Woolwine; Barnhill. In the present case marriage was clearly part of the consideration for execution of the agreement. The husband informed the wife that he would'not marry her unless she signed the agreement. In addition, he relinquished all rights and interest in the wife’s estate.
The major thrust of the wife’s argument is that, because the wife was pregnant, there was duress bearing on whether the execution of the agreement was voluntary. The trial court found that the agreement was entered into voluntarily, thereby rejecting the wife’s contention of duress as a matter of law. See Sundance Marina, Inc. v. Reach, 567 So.2d 1322 (Ala.1990).
The husband argues that his actions did not amount to duress because he was not under any obligation to marry the wife, only to support the child, and that his agreement to marry and relinquish all rights and interest in the wife’s estate was sufficient consideration for execution of the agreement.
In view of the above, we find that the agreement was entered into voluntarily; that the wife knew what she was relinquishing as evidenced by her reluctance to sign the agreement until the husband told her that he would not marry her unless she signed the agreement and her own testimony at deposition that she was aware of the waiver regarding alimony, support, and property settlement; and, according to her own testimony at deposition, that she had a general idea of what the husband did for a living and generally was aware of the businesses and the holdings of the husband and his family.
It is only necessary that the requirements of one of the referenced tests be met. Therefore, based on the above, we find no error in the trial court’s determination that the agreement was valid because there is sufficient evidence to establish adequate consideration and, furthermore, there is sufficient evidence to establish that the entire transaction was fair, just, and equitable from the wife’s point of view. See Barnhill.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.