617 So.2d 1032 (1992)
Ex parte Belinda Culp WILLIAMS.
(Re Belinda Culp WILLIAMS v. William Thomas WILLIAMS).
1911443.
Supreme Court of Alabama.
December 11, 1992.
*1033 Daniel G. McDowell of Fine & McDowell, Russellville, and C.C. Torbert, Jr. and Gregory H. Hawley of Maynard, Cooper, Frierson & Gale, P.C., Montgomery, for petitioner.
Robert I. Rogers, Jr. and David Neal of Bedford & Rogers, P.C., Russellville, and Jeff Mobley of James, Lowe & Mobley, Haleyville, for respondent.
SHORES, Justice.
The issue before us on this certiorari review is whether the Court of Civil Appeals erred in affirming the trial court's judgment based on a holding that the wife had offered no evidence that her antenuptial agreement was the product of duress, even though she had testified that when she signed it she was pregnant and had been told by the husband, the father of her unborn child, that he would not marry her unless she signed the agreement. We reverse and remand.
The parties began dating in September 1983. At that time, Belinda Culp was a 24-year-old interior decorator; William Thomas Williams was a 30-year-old businessman *1034 and livestock farmer. Ms. Culp discovered sometime in April 1984 that she was pregnant. She immediately informed Mr. Williams. He refused to discuss marriage with her until June 11, 1984, when he and his attorney informed her that he would not marry her unless she signed an antenuptial agreement. On June 14, 1984, she took the agreement to another attorney, a friend of Mr. Williams, who looked at the agreement but did not advise her. She signed the agreement on June 14, and they married on June 15.
On January 22, 1991, after the couple had been married almost seven years and had had two children, Mr. Williams sued for a divorce. He attached the antenuptial agreement to the complaint and sought discovery through interrogatories and requests for admissions. These were timely answered by Mrs. Williams, who filed an answer, a counterclaim, and extensive interrogatories and requests for production directed to Mr. Williams.
On March 7, 1991, Mr. Williams, without having answered the discovery, moved for a partial summary judgment. The trial court entered a summary judgment on April 24, 1991, in favor of Mr. Williams on the issues of property division, alimony, and support, as determined by the antenuptial agreement, which provided: "[I]n the event of legal termination of the marriage, the wife is to receive $1,000 per year for each year that the parties are married to a maximum of ten years." The trial court stated that the "consideration for said Agreement was adequate, that the entire transaction was fair, just and equitable from the [wife's] point of view, that the Agreement was freely and voluntarily entered into with competent, independent advice and with full knowledge of the [wife's] interest [in] the [husband's] estate and its approximate value." The judgment of the trial court was made final pursuant to Rule 54(b), A.R.Civ.P.
Mrs. Williams appealed to the Court of Civil Appeals, contending that the trial court had erred in entering the summary judgment 1) because the husband had not complied with discovery requests crucial to her case, and 2) because genuine issues of material fact existed regarding both the execution of the antenuptial agreement and the husband's disclosure of his income and assets prior to the execution of that agreement.
The Court of Civil Appeals affirmed the partial summary judgment, citing Barnhill v. Barnhill, 386 So.2d 749 (Ala.Civ.App. 1980), cert. denied, 386 So.2d 752 (Ala. 1980), and Woolwine v. Woolwine, 519 So.2d 1347 (Ala.Civ.App.1987), reversed in part, 549 So.2d 512 (Ala.Civ.App.1989), as recognizing the validity of antenuptial agreements in Alabama. The Court of Civil Appeals stated in its opinion:
"The husband has the burden of showing that one of the following tests has been met in determining if the agreement is just and reasonable: (1) that the consideration was adequate and the entire transaction was fair, just and equitable from the wife's point of view or (2) that the agreement was entered into freely and voluntarily by the wife, with competent independent advice and full knowledge of her interest in the estate and its approximate value."
Williams v. Williams, 617 So.2d 1029 (Ala. Civ.App.1992). The Court of Civil Appeals then concluded:
"The evidence indicates that the agreement was entered into voluntarily; that the wife knew what she was relinquishing as evidenced by her reluctance to sign the agreement and her own testimony at deposition that she was aware of the waiver regarding alimony, support and property settlement; and, according to her own testimony at deposition, that she had a general idea of what the husband did for a living and generally was aware of the businesses and the holdings of the husband and his family. All of the above indicates that the agreement was fair, just and equitable from the wife's point of view. See Barnhill."
617 So.2d at 1032.
We must determine whether the trial court and Court of Civil Appeals erred in so holding. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining *1035 whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Ala.Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
We have carefully examined the record. We conclude that the trial court erred in entering the summary judgment, because genuine issues of material fact existed, and that the Court of Civil Appeals erred in affirming that judgment. While the Court of Civil Appeals correctly stated the standard for enforcing an antenuptial agreementi.e., that the spouse seeking to enforce an antenuptial agreement has the burden of showing either (1) that the consideration was adequate and that the entire transaction was fair, just, and equitable from the point of view of the other spouse, or (2) that the agreement was entered into freely and voluntarily by the other spouse, with competent independent advice and full knowledge of his or her interest in the other's estate and its approximate value we do not agree that Mr. Williams has, as a matter of law, met that burden in this case. Allison v. Stevens, 269 Ala. 288, 112 So.2d 451 (1959); Barnhill v. Barnhill, supra, at 751; Ruzic v. Ruzic, 549 So.2d 72, 75 (Ala. 1989).
The testimony in this case creates genuine issues of material fact as to 1) whether the father's conditioning the marriage on the pregnant mother's signing the antenuptial agreement, joined with the mother's moral objection to abortion and the importance of legitimacy in a small town, created a coercive atmosphere in which the mother had no viable alternative to accepting the father's condition for marriage, i.e., signing the agreement, and 2) whether there was a full disclosure of the value of the husband's estate. This Court has consistently held that "[t]he burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration," Berner v. Caldwell, 543 So.2d 686 (Ala.1989), quoting Schoen v. Gulledge, 481 So.2d 1094, 1096 (Ala.1985). Mr. Williams has not met that burden in this case.
Next we consider whether the Court of Civil Appeals erred in holding that it was not error to enter the summary judgment while discovery was pending. The Court of Civil Appeals based that holding on the ground that the wife's pending discovery would not "relate to issues that could be crucial to the determination of the validity of the agreement," citing Hope v. Brannan, 557 So.2d 1208 (Ala.1989), and Reeves v. Porter, 521 So.2d 963 (Ala.1988). The rule as stated in Reeves v. Porter is as follows:
"The mere pendency of discovery does not bar summary judgment. If the trial court from the evidence before it, or the appellate court from the record, can ascertain that the matter subject to production was crucial to the non-moving party's case (Parrish v. Board of Commissioners of Alabama State Bar, 533 F.2d 942 (5th Cir.1976)), or that the answers to the interrogatories were crucial to the non-moving party's case (Noble v. McManus, 504 So.2d 248 (Ala.1987)), then it is error for the trial court to grant summary judgment before the items have been produced or the answers given. However, the burden of showing that *1036 these items are crucial is upon the non-moving party."
521 So.2d at 965.
In this case, the wife (the nonmoving party) filed a memorandum in opposition to the husband's motion for summary judgment. The Court of Civil Appeals notes in its opinion that in this memorandum the wife argued "that fact finding was required on issues of fraud, misrepresentation, coercion, severe duress, and lack of independent counsel and [whether] the agreement was signed under duress with the wife having a very limited knowledge of the husband's assets and income." 617 So.2d at 1031. Further, the wife filed a motion to compel answers to interrogatories and other discovery; the trial court never ruled upon that motion. Clearly, the discovery in this case relates to issues that could be crucial to the determination of the validity of the agreement; thus, it was error to enter the summary judgment while the discovery matters were pending.
For the reasons stated above, the judgment of the Court of Civil Appeals affirming the summary judgment is due to be reversed. The cause is remanded for that court to remand for further discovery and proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
I believe that the majority of the Court of Civil Appeals correctly decided the issues presented in this case; therefore, I must respectfully disagree with this Court's holding that in this case there were genuine issues of material fact that made the summary judgment inappropriate.