SAM A. BEATTY, Retired Justice.
Tommy B. Sims and Cindy S. Carr, co-executors of the estate of Marshall Sims, appeal from a summary judgment in favor of Patty J. Sims, the widow of Marshall Sims. We reverse and remand.
This ease is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
Marshall Sims (“the decedent”) died on May 3, 1993. Tommy Sims and Cindy Carr (“the executors”) removed the administration of the estate to the Circuit Court of St. Clair County. The National Bank of Commerce of Birmingham (“the Bank”) moved to intervene for the purpose of filing a complaint for interpleader. The trial court allowed the Bank’s intervention, whereupon the Bank filed its complaint for interpleader, seeking to be discharged of liability relative to funds in the amount of $8,033.44 claimed both by the executors and Patty J. Sims (“the widow”). The Bank also filed a notice of deposit, tendering that sum to the St. Clair circuit clerk. The widow answered the Bank’s complaint, claiming ownership of the funds. Shortly thereafter, on November 24, 1993, she moved for a summary judgment, supported by her affidavit, in which she claimed ownership of the funds through a joint sur-vivorship account with the decedent.
On December 2, 1993, the executors answered the Bank’s complaint, claiming entitlement to the funds. They also cross-claimed against the widow, alleging that she had unduly influenced the decedent so as to cause him to change his previous individual account with the Bank to a joint survivorship account by executing a new signature card when there was in excess of $50,000 in the account, and claiming entitlement to those funds. The executors specifically alleged that at the time of that change, the decedent was hospitalized with a diagnosis of lung cancer, with brain metastases, hyperactive mentation, and hallucinations, and that at the time he was disoriented, psychologically dependent, anxious, confused, and delusional. They further alleged that the decedent had been in the intensive care unit since April 18, 1993; that he was there when he signed the new signature card on or about April 28, 1993; and that after his death on May 3, 1993, the widow withdrew an amount in excess of $50,000 from the new joint survivor-ship account.
The trial court entered a summary judgment in favor of the Bank on March 14,1994, and dismissed it from the case. Then, on April 6, 1994, without addressing the executors’ cross-claim, the trial court entered a summary judgment in which it awarded the disputed funds to the widow. The executors filed a motion to alter, amend, or vacate the judgment, as well as a motion for a default judgment based upon their cross-claim. They later supported their post-judgment motion with the affidavit of Tommy Sims.
The executors’ motions were denied after 90 days, pursuant to Rule 59.1, Ala.R.Civ.P. They then appealed to the Supreme Court of Alabama. Our supreme court determined that the trial court had not entered a final judgment, and remanded the cause for 14 days to allow the trial court to either make the interlocutory order of April 6, 1994, a final judgment pursuant to Rule 54(b), Ala. R.Civ.P., or to enter a final settlement, thus making the interlocutory order final and ap-pealable. Our supreme court also gave the trial court the option to take no action, but *861 stated that in that event, the appeal would be dismissed. When the trial court failed to take any action to make the interlocutory order a final judgment, our supreme court dismissed the appeal.
After the dismissal of their appeal, the executors attempted to proceed with discovery on their cross-claim by noticing the depositions of the decedent’s physician and others. In response, the widow moved for a protective order barring further discovery. The executors responded to this motion by pointing out that the trial court had never entered a final judgment regarding their cross-claim. On January 16, 1995, the trial court granted the widow’s motion for a protective order. On March 13, 1995, the trial court amended its order of April 6, 1994, entering substantially the same summary judgment awarding the disputed funds to the widow, but adding the following provision:
“3. That this Order disposes of all claims regarding funds which are the subject of the Affidavit of Patty J. Sims ..., including the cross-claim alleging undue influence and is a full and final order under Rule 54 of the Alabama Rules of Civil Procedure.”
It appears from the record that no copy of the widow’s affidavit filed in support of her motion for summary judgment was sent to the executors. Moreover, as the executors pointed out to the trial court, when the widow moved for a summary judgment on November 24, 1993, she directed her motion only to the pleadings that had been filed up until that time, which did not yet include the executors’ cross-claim alleging undue influence. In fact, the widow filed her motion for summary judgment, which she never amended, before the executors had answered the Bank’s complaint for interpleader and before their cross-claim was filed on December 2, 1993; hence, her motion obviously could not have addressed their claim of undue influence. Accordingly, that issue was never before the trial court, and it could not have properly entered a summary judgment as to the cross-claim. See Henson v. Mobile Infirmary Ass’n, 646 So.2d 559 (Ala.1994).
Furthermore, when the trial court entered its judgment on March 13, 1995, in which it disposed of the executors’ cross-claim, the executors clearly still were without notice that their claim of undue influence would be one of the issues or claims upon which the widow’s motion for summary judgment would be granted. See Rule 56(c)(2), Ala.R.Civ.P. The widow filed nothing with the trial court referring to undue influence, nor did she adduce any evidence concerning undue influence at the 1994 hearing on the summary judgment motion. Even if the cross-claim had been properly before the trial court, the executors were entitled to receive notice that the trial court was considering that issue. Cf. Hales v. First Nat’l Bank of Mobile, 380 So.2d 797, 799 (Ala.1980).
Moreover, a summary judgment would have been improper in this case before the completion of pertinent discovery by the executors. Although the mere pendency of discovery does not bar a summary judgment, if the trial court, from the evidence before it, or the appellate court, from the record, can ascertain that the discovery sought was crucial to the nonmoving party’s case, then it is error for the trial court to enter a summary judgment while discovery is pending. Ex parte Williams, 617 So.2d 1032, 1035-36 (Ala.1992). In this case, the executors’ pending discovery, i.e., the depositions of physicians, was crucial to their cross-claim alleging undue influence upon an allegedly incompetent man.
Finally, the widow offered no evidence refuting the allegation of undue influence; thus, she failed to show the absence of a genuine issue of material fact. Rule 56, Ala. R.Civ.P. Our supreme court has consistently applied Rule 56 to require that one moving for a summary judgment demonstrate that the case presents no genuine issue of material fact. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala.1993); Williams, 617 So.2d at 1035.
Accordingly, the judgment must be, and it is, reversed, and the cause is remanded for further proceedings. It is so ordered.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active *862 duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.