THOMAS, Judge.
Denise M. Williams (“the wife”) and John R. Williams (“the husband”) were married on October 20, 2004. There are no children of the marriage. On October 2, 2013, the wife filed a complaint seeking a divorce from the husband, a division of the assets and debts of the marriage, an award of alimony, and an order declaring that the parties’ prenuptial agreement was void because, she asserted:
“This agreement was not fair, just, or equitable to the Wife. The Wife was pressured by the Husband to enter said agreement the night before the parties were married and without the opportunity to seek advice of independent legal counsel. Further, the agreement did not represent a full and fair disclosure of the Husband’s assets, nor was the Wife aware of the extent of the Husband’s assets when she entered the agreement.”
On December 2, 2013, the wife filed a set of interrogatories, requests for production, and a “renewed” motion for a penden-te lite hearing.[1] On December 11, 2013, the circuit court entered an order indicating that the parties had settled the pen-dente lite issues and that the wife’s motion seeking a pendente lite hearing was moot. On January 20, 2014, the wife filed a second renewed motion for a pendente lite hearing, asserting that, although the parties had requested that the circuit court not conduct a pendente lite hearing, the wife needed “intervention of the court to obtain pendente lite relief.”
On January 21, 2014, the husband responded to the wife’s second renewed motion for a pendente lite hearing, asserting that the parties had entered into a “valid Prenuptial Agreement on October 19, 2004,” wherein the wife had “waiv[ed] all of her claims to property settlements, alimony, and support” and that the wife did not need temporary support. That same day, the husband filed a Rule 56(b), Ala. R. Civ.App., motion seeking the entry of a partial summary judgment in his favor.
The narrative summary of undisputed facts in the husband’s partial-summary-judgment motion included general assertions that the wife had filed a complaint seeking a divorce, a division of the assets and debts of the marriage, and an award providing for medical insurance and alimony. The husband argued that, upon entry of a judgment divorcing the parties, there would be “no outstanding issues” for the circuit court to decide because, he asserted, the wife had waived any right to a property settlement or to “alimony, maintenance, or support” by entering into the prenuptial agreement. The husband appended a copy of the prenuptial agreement that was executed on October 19, 2004, and its exhibit A, which was a copy of the *784 husband’s disclosure of his financial assets. That same day, January 21, 2014, the circuit court set a hearing for February 18, 2014.
On February 11, 2014, the wife filed a Rule 56(c)(1) statement in opposition to the husband’s motion seeking the entry of a partial summary judgment. See Rule 56(c)(2)(“any statement or affidavit in opposition shall be served at least two (2) days prior to the hearing”). She appended her affidavit, in which she asserted that the circumstances surrounding her execution of the prenuptial agreement were in dispute, to her statement in opposition. Specifically, the wife contended that a genuine issue of material fact existed regarding the validity of the prenuptial agreement because, according to the wife, the husband had presented the prenuptial agreement at 6:30 p.m. on October 19, 2004, and the marriage ceremony had been scheduled for 10:00 a.m. on October 20, 2004. She asserted that the husband had waited until the “eleventh hour,” had not provided her a copy of the prenuptial agreement to keep, had not allowed her to “fully read and understand” it, and had intentionally created circumstances that had not allowed her to consult an attorney. Also on February 11, 2014, the wife filed a motion to compel discovery, asserting that the husband had refused to respond to her December 2, 2013, interrogatories and requests for production and that he had “ignored” her “multiple attempts” to obtain discovery before the hearing, which was scheduled for February 18, 2014. The circuit court failed to enter an order on the wife’s motion to compel discovery.
Four days before the hearing, on February 14, 2014, the husband filed a “response” to the wife’s statement in opposition to his motion for a partial summary judgment, a copy of a quitclaim deed, and an unverified affidavit of Burt W. New-some, the husband’s attorney, who had drafted the prenuptial agreement; on the day of the hearing, the husband filed a copy of Newsome’s verified affidavit. As the wife points out in her brief on appeal, the Alabama Rules of Civil Procedure do not contemplate a summary-judgment movant’s filing of a “response” to materials filed in opposition to the summary-judgment motion, and, subject to an exception not relevant in this case, Rule 56(c)(2) requires that all materials in support of a motion for a summary judgment be “served at least ten (10) days before the time fixed for the hearing.”
The circuit court held a “summary judgment/pendente lite” hearing on February 18, 2014, and, on March 27, 2014, it entered an order granting the husband’s motion for a partial summary judgment. The circuit court considered the contents of the husband’s motion, the prenuptial agreement, the wife’s statement in opposition, the wife’s affidavit, the husband’s “response,” the husband’s affidavit, and New-some’s affidavit. The circuit court twice concluded that the disputed validity of the prenuptial agreement based upon the timing of the husband’s presentation of the prenuptial agreement to the wife was not “material or critical to the ruling” or was “not material to the outcome of the case.” The circuit court found that, although there was a dispute as to when the wife received the prenuptial agreement, there was no dispute that the wife “[k]new for a month before the wedding” that the husband would be “getting or requiring” a prenuptial agreement. That information was gleaned from the wife’s affidavit; however, in context, the wife actually stated:
“A month prior to signing the agreement, [the husband] told me that his sister suggested that he have a prenuptial agreement executed before he got married. However, he never again men *785 tioned the document to me and never presented any document to me to review prior to the night before our wedding. I believed he had decided that we didn’t even need a prenuptial agreement because so much time had passed since we talked about it, and he never told me that I had to sign a prenuptial agreement in order to marry him. He also knew that I had premarital property of value, but instead of asking me for my disclosures, I now know that he simply stated in the agreement that I had nothing of value. I believe he didn’t ask me for these disclosures because he didn’t want me to know that he was going to give me a prenuptial agreement to sign, and he didn’t want me to have the time to consult with an attorney of my own prior to signing it.”
The circuit court concluded that “the law of this State mandates that a [partial] summary judgment be entered in favor of the Husband.”
The circuit court certified the March 27, 2014, partial-summary-judgment order as a final judgment pursuant to Rule 54(b), Ala. R. Civ.P. On April 22, 2014, the wife filed a motion to alter, amend, or vacate the order, in which she alleged that the circuit court had erred by entering a partial summary judgment because, she asserted, the circuit court had considered improperly submitted evidence, the husband had failed to comply with her discovery requests, the circumstances surrounding the husband’s presentation of the prenuptial agreement were “underhanded and coercive,” and “certain disputed facts” were material. • That same day, the wife filed another motion seeking an order to compel discovery.
The wife filed a notice of appeal as to the March 27, 2014, partial-summary-judgment order in this court on April 24, 2014; the appeal was held in abeyance pending a ruling on the wife’s postjudgment motion. See Rule 4(a)(5), Ala. R.App. P. The wife’s postjudgment motion was denied by operation of law on July 21, 2014. See Rule 59.1, Ala. R. Civ. P.
On appeal, the wife argues.that the .circuit court erred by entering a partial summary judgment in favor of the husband because, she asserts, it • considered evidence not properly beforé it, it deprived the wife of the opportunity to discover evidence to oppose the husband’s motion for a partial summary judgment,[2] it wrongly determined that the dispute regarding the timing of the execution of the prenuptial agreement was not a genuine issue of material fact, it improperly concluded that the prenuptial agreement was valid, and it misinterpreted the prenuptial agreement.
As an initial matter, we must determine whether the circuit court exceeded its discretion by certifying the March 27, 2014, order as a final judgment pursuant to Rule 54(b). Rule 54(b) provides, in its entirety:,
*786 “(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), [Ala. R. Civ. P.,] in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.”
Upon our request, the parties submitted letter briefs on the issue whether the circuit court had exceeded its discretion by certifying the March 27, 2014, order as a final judgment, and the parties agree that the order was appropriate for certification under Rule 54(b) and that we should consider the merits of the wife’s appeal. However, this court and our supreme court have not hesitated to set aside a Rule 54(b) certification if it appeared that a trial court had erred by entering the certification. See, e.g., Hillman v. Yarbrough, 936 So.2d 1056, 1061 (Ala.2006); Clarke-Mobile Cntys. Gas Dist. v. Prior Energy Corp., 834 So.2d 88 (Ala.2002); Branch v. South-Trust Bank of Dothan, 514 So.2d 1373 (Ala.1987); Winecoff v. Compass Bank, 854 So.2d 611 (Ala.Civ.App.2003); and H.P.H. Props., Inc. v. Cahaba Lumber & Millwork, Inc., 811 So.2d 554 (Ala.Civ.App.2001).
We are aware that this court has, at least twice, considered appeals from partial summary judgments certified under Rule 54(b) involving prenuptial agreements. See Robinson v. Robinson, 64 So.3d 1067 (Ala.Civ.App.2010); and Williams v. Williams, 617 So.2d 1029 (Ala.Civ.App.1992). Furthermore, in Ex parte Williams, 617 So.2d 1032 (Ala.1992), our supreme court reversed this court’s judgment in Williams v. Williams on the merits, noting that a Rule 54(b) certification had been entered as to the partial summary judgment on the validity of the parties’ prenuptial agreement. In those opinions neither this court nor our supreme court addressed the propriety of the Rule 54(b) certifications.
With regard to the first requirement of a proper Rule 54(b) certification, our supreme court has stated:
“Pursuant to Rule 54(b), a trial court may direct ‘the entry of a final judgment as to one or more but fewer than all of the claims or parties.’ But Rule 54(b) makes an order final—and therefore ap-pealable—‘only where the trial court has completely disposed of one of a number of claims, or one of multiple parties.’ Tanner v. Alabama Power Co., 617 So.2d 656, 656 (Ala.1993) (quoting Committee Comments on the 1973 adoption of Rule 54(b)) (emphasis added in Tanner ). In other words, for a Rule 54(b) certification of finality to be effective, it must fully adjudicate at least one claim or fully dispose of the claims as they relate to at least one party.”
Haynes v. Alfa Fin. Corp., 730 So.2d 178, 181 (Ala.1999).
In this case, the wife filed a petition seeking a divorce from the husband and a determination that the prenuptial agree *787 ment was invalid; the husband responded, seeking a divorce from the wife and a determination that the prenuptial agreement was valid. The circuit court’s March 27, 2014, partial summary judgment did not divorce the parties, but it determined that the prenuptial agreement was valid.[3]
“ ‘[Rule 54(b) ] and its comments clearly provide that under the appropriate facts partial summary judgment on fewer than all claims involved can be appropriate. See Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976). The fact that the claims may have arisen out of the same set of facts does not prevent them from being multiple claims. Cates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975).’ ”
Clarke-Mobile Cntys. Gas Dist., 834 So.2d at 94 (quoting Pate v. Merchants Nat’l Bank of Mobile, 409 So.2d 797, 799 (Ala.1982)(emphasis added)).
“Respected commentators have observed: ‘The line between deciding one of several claims and deciding only part of a single claim is sometimes very obscure.’ ” Tolson v. United States, 732 F.2d 998 (D.C.Cir.1984) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2657, at 60-61 (2d ed.1983)) (construing Rule 54(b), Fed.R.Civ.P., on which Rule 54(b), Ala. R. Civ. P., is patterned) See also Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 & n. 9, 76 S.Ct. 895, 100 L.Ed. 1297 (1956) (explaining that there is “room for argument” on the issue whether the decided claims were independent from pending claims); Cold Metal Process Co. v. United Eng’g & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956) (explaining that a judgment on a plaintiffs claim certified under Rule 54(b), Fed.R.Civ.P., was appealable even though a counterclaim, which arose in part out of the same transaction as plaintiffs claim, remained pending); Corporon v. Safeway Stores, Inc., 708 P.2d 1385 (Colo.App.1985)(explaining that, despite the existence of United States Supreme Court cases on the issue, courts of appeal have “no definitive test for determining ... when the complaint, though purporting to present multiple claims, in fact presents only one claim for relief’).
This court is of the opinion that, by seeking a divorce and asking for an order declaring the prenuptial agreement invalid, the wife presented more than one claim for relief. The fact that the wife’s request for a declaratory ruling regarding the prenuptial agreement arose from her complaint for a divorce does not mean that her claims are not multiple claims. See Clark-Mobile Cntys. Gas Dist., 834 So.2d at 94-95.
*788 Regarding the other requirements of; a proper Rule 54(b) certification, we easily conclude that the entirety of the wife’s .claim regarding the validity of the prenuptial agreement was decided with finality. However, a Rule 54(b) certification should not be entered if a claim that is resolved in the order being certified as final and " one or more claims that will remain pending in the trial court are so 'closely intertwined that separate adjudications would pose an unreasonable risk of inconsistent results. Schlarb v, Lee, 955 So.2d 418, 419-20 (Ala.2006). In this case, .the claim'resolved in the partial-summary-judgment order certified as final was the claim regarding the validity of the prenuptial agreement; the pending claim for relief is .the claim for a divorce. We conclude that the two claims are not so. closely intertvidned’ that separate adjudications would pose an unreasonable risk of inconsistent results. Regardless we decline to ex mero motu dismiss the appeal as being from a nonfinal judgment. Consequently, we will address of the merits of the wife’s appeal of the circuit court’s partial summary' judgment in favor of the husband.
The standard by which we review a summary judgment is well settled:
“ ,‘We review [a summary judgment] de novo, applying the oft-stated principles governing appellate review of a trial court’s grant or denial of a summary-judgment motion:
“ ‘ “We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. ‘Substantial evidence’ is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can, reasonably infer the existence of the fact sought to be proved.’ In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the [finder of fact] would have been free to draw.” ’
“American Liberty Ins. Co. v. AmSouth Bank, 825 So.2d 786, 790 (Ala.2002) (quoting Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So.2d 369, 372 (Ala.2000)).”
Saad v. Saad, 31 So.3d 706, 712 (Ala.Civ.App.2009).
The wife argues that the husband failed to present evidence demonstrating that there was no genuine issue regarding a material fact and that, viewing the facts in the light most favorable to her, this court should reverse the circuit court’s partial summary judgment establishing the validity of the prenuptial agreement. In order to examine the propriety of the judgment, we must determine at the outset which materials contained in the record were properly submitted for the circuit court’s consideration. Specifically, we must determine whether the circuit court properly considered the husband’s “response,” New-some’s unverified affidavit, and the quitclaim deed that the husband filed four days before the hearing.[4]
Rule 56(c)(2) provides that all materials in support of a motion for a summary judgment must be served with the motion; however, “tardy affidavits” are permissible under Rule 6(b)(2), Ala. R. Civ. P., but *789 only if submitted in compliance .with that rule. Cabaniss v. Wilson, 501 So.2d 1177, 1182 (Ala.1986). Rule 6(b) provides, in pertinent part:
“When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order,- or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect....”
In this case, there is no dispute that the husband failed to request an enlargement of time under Rule 6(b)(1) and that he failed to file a Rule 6(b)(2) motion seeking to file the “response,” the unverified affidavit, and the quitclaim deed. According to the wife, the “response,” along with the unverified affidavit and the quitclaim deed, were not properly filed in support of the husband’s motion for a partial summary judgment; accordingly, she says, the circuit court erred by relying on those documents. The husband contends that the wife waived this argument by failing to file a motion to strike his “response,” that the circuit court did not abuse its discretion in considering the documents, and that the timing of his “response” did not deny the wife an opportunity to file “additional material.”
We agree with the husband. In Ex parte Secretary of Veterans Affairs, 92 So.3d 771, 776-77 (Ala.2012), our supreme court explained:
“Cases decided after Perry[ v. Mobile County, 533 So.2d 602 (Ala.1988),] have not always been clear in holding that a party challenging the admissibility of an affidavit must object to the affidavit and move to strike it. See Ex parte Diversey Corp., 742 So.2d 1250, 1263-54 (Ala. 1999) (holding that ‘the court can consider inadmissible evidence if the party against whom it is offered does not object to the evidence by moving to strike it’); Elizabeth Homes, L.L.C. v. Cato, 968 So.2d 1, 4 (Ala.2007) (‘[I]f an affidavit or the documents attached to an affidavit fail to comply with [Rule 56(e), Ala. R. Civ. P.,] the opposing party must object to the admissibility of the affidavit or the document and move to strike.’); Ware v. Deutsche Bank Nat'l Trust Co., 75 So.3d 1163 (Ala.2011) (party challenging admissibility of affidavit and supporting documents pursuant to Rulé 56(e) must object thereto and move to strike); but see Blackmon v. Brazil, 895 So.2d 900, 903 n. 2 (Ala.2004) (‘Although the plaintiffs argue on appeal that these two affidavits and the listing contract were inadmissible, 'the plaintiffs did not raise such objéctions in the trial court. Therefore, the plaintiffs waived their objections to this evidence.’); Ex parte Unitrin, Inc., 920 So.2d 557, 560 (Ala.2005) (‘Unitrin did not object to the admissibility of any of the materials attached to Ware’s memorandum. Consequently, these materials are properly before us.’). We take this opportunity to reaffirm the holding in Perry that a party must move the trial court to strike any evidence that violates Rule 56(e), Ala. R. Civ. P.3 An objection to the inadmissible evidence alone is not sufficient. The motion to strike brings the objection to the trial court’s attention and requires action on the. part of the trial court to properly preserve the ruling on appeal.
“ Generally, a written motion to strike would be required. However, if a hearing on the summary-judgment motion were transcribed or if the trial *790 court’s order reflected that an oral motion to strike was made, then an oral motion would be sufficient.”
In this case, the wife concedes that she failed to file a motion to strike the husband’s “response” and the attachments thereto. Accordingly, this court will consider the information contained in those documents in reviewing the propriety of the circuit court’s partial summary judgment.
Prenuptial and postnuptial agreements are scrutinized by the same standard. Tibbs v. Anderson, 580 So.2d 1337, 1339 (Ala.1991). In Allison v. Stevens, 269 Ala. 288, 112 So.2d 451 (1959), our supreme court stated that the proponent of a prenuptial agreement has
“the burden of showing that the consideration was adequate and that the entire transaction was fair, just and equitable from the [other party’s] point of view or that the agreement was freely and voluntarily entered into by the [other party] with competent independent advice and full knowledge of [the other party’s] interest in the estate and its approximate value.”
269 Ala. at 291, 112 So.2d at 452 (emphasis added). We have often repeated the same standards regarding a proponent’s evidentiary burden. See, e.g., Barnhill v. Barnhill, 386 So.2d 749, 751 (Ala.Civ.App.1980); and Robinson v. Robinson, 64 So.3d 1067, 1075-76 (Ala.Civ.App.2010). In Walters v. Walters, 580 So.2d 1350, 1351 (Ala.Civ.App.1990), we reiterated that the Allison/Bamhill standards are “phrased in terms of an ‘either-or’ requirement”; however, although the two standards are separate and distinct, evidence regarding elements of the second Allison/Bamhill standard may serve as evidence indicating that the prenuptial agreement is or is not fair—i.e., that the first standard has been met. See Ex parte Brown, 26 So.3d 1222, 1226 (Ala.2009).
In this case, the validity of the prenuptial agreement, specifically the timing of the husband’s presentation of the prenuptial agreement to the wife, was a genuine issue of material fact upon which the circuit court received disputed evidence. There is no dispute that the prenuptial agreement was executed on October 19, 2004, and, according to the husband and the wife, the husband presented the prenuptial agreement to the wife for the first time on the eve of the marriage. However, according to Newsome’s affidavit testimony, Newsome “sent” the prenuptial agreement to both parties “three weeks prior to them wedding.” He testified: “Right before sending the agreement, [Newsome] called [the wife].” Newsome said that he talked to the wife about the prenuptial agreement and that the wife did not subsequently telephone him with any proposed changes to the prenuptial agreement.
Therefore, under either Allison/Bamhill standard, the validity of the prenuptial agreement—a genuine issue of material fact—was disputed. Under the first standard, the circuit court had before it disputed evidence regarding whether the entire transaction was fair, just, and equitable from the wife’s point of view, and, under the second standard, the circuit court had before it disputed evidence regarding whether the agreement was freely and voluntarily entered into by the wife and whether she had the opportunity to seek independent legal advice. The wife says that the timing of the presentation of the prenuptial agreement made the entire transaction unfair and did not allow her time to consult an attorney; however, Newsome’s affidavit testimony belies her assertions.
Although we express no opinion on the validity of the prenuptial agreement, we conclude that a genuine issue of material *791 fact exists; therefore, the circuit court’s partial summary judgment was erroneous. Accordingly, the judgment is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
PITTMAN, J., concurs.
THOMPSON, P.J., concurs in the result, without writing.
MOORE, J., dissents, with writing, which DONALDSON, J., joins.

. The record contains a motion filed by the wife seeking pendente lite relief dated September 24, 2013, which is before the date on which she filed the complaint seeking a dí-vorce. That motion does not appear on the State Judicial Information System case-action-summary sheet.

. We note that the pendency of discovery does not alone bar the entry of a summary judgment; however, it would have been error for the circuit court to enter a summary judgment before the discovery had been completed if the wife had demonstrated that the outstanding discovery was crucial to her case. The wife did not do so. "To show that the discovery sought is crucial to his [or her] case, the nonmoving party should comply with Rule 56(f), [Ala. R. Civ. P.].” McGhee v. Martin, 892 So.2d 398, 401 (Ala.Civ.App. 2004). Our supreme court has stated that "[a] party seeking the shelter of Rule 56(f) must offer an affidavit explaining to the court why he [or she] is unable to make the substantive response required by Rule 56(e),” Hope v. Brannon, 557 So.2d 1208, 1213 (Ala. 1989); see also Hilgers v. Jefferson Cnty., 133 So.3d 409, 416-17 (Ala.Civ.App.2013). Because of our resolution of the wife's other issues on appeal, we decline further discussion of this issue.

. It is unclear why the circuit court elected to certify the March 27, 2014, partial-summary-judgment order as final under Rule 54(b) rather than simply entering a divorce judgment, especially in light of its finding the prenuptial agreement to be valid. Furthermore,
“ ‘ “[i]t bears repeating, here, that ‘ “certifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely." ’ State v. Lawhorn, 830 So.2d 720, 725 (Ala. 2002) (quoting Baker v. Bennett, 644 So.2d 901, 903 (Ala.1994), citing in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987)). ' " Appellate review in a piecemeal fashion is not favored.' " ’ Goldome Credit Corp. v. Player, 869 So.2d 1146, 1148 (Ala.Civ.App.2003) (quoting Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996)) (emphasis added).”
" ‘Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004).' "
Meeks v. Morrow, 151 So.3d 1069, 1074 (Ala. 2014) (quoting Schlarb v. Lee, 955 So.2d 418, 419 (Ala.2006).

. Newsome’s verified affidavit was filed on the day of the hearing.