MURDOCK, Justice
(concurring specially).
I concur in the denial of certiorari review, I write specially to address concerns regarding the application of Rule 54(b), Ala. R. Civ. P., in this case.
This is a divorce case in which the wife filed a complaint seeking (1) a divorce, (2) a judgment declaring a prenuptial agreement invalid, (3) a division of property, (4) alimony, and (5) an order that the husband provide the wife with medical insurance. The parties had been married almost nine years at the time the wife filed her complaint; there are no children of the marriage.
The husband filed a motion for a partial summary judgment requesting a judgment declaring that the prenuptial agreement, which provided that neither party would be entitled to alimony or to any portion of the other party’s separate estate in the event of a divorce, was valid. The trial court granted the husband’s motion and certified the partial summary judgment as final under . Rule 54(b). The wife appealed. The Court of Civil Appeals reversed and remanded. See Williams v. Williams, 218 So.3d 781 (Ala.Civ.App.2014) , (plurality opinion). The plurality opinion determined that the Rule 54(b) certification was appropriate, but reversed the trial court’s judgment because there was a genuine issue of material fact as to the validity -of the prenuptial agreement. Presiding Judge Thompson concurred in the result without writing. Judge Moore, joined by Judge Donaldson, dissented with respect to the appropriateness of the Rule 54(b) certification. Judge Moore’s dissent was based solely on a conclusion that there was no reason for immediate appellate review of the partial summary judgment because the remaining issue, the granting of the divorce, could probably be decided in a short time. See Williams, 218 So.3d at 791-92 (Moore, J., dissenting).
There is merit, so far as it goes, in Judge Moore’s position that the Rule 54(b) certification was inappropriate in this case because the trial court could have adjudicated the remaining issue—the existence of grounds for divorce—without’ significant delay. Williams, 218 So.3d at 792 (Moore, J., dissenting).' “[T]he adjudication of divorce cases in piecemeal fashion” is disfavored, see Cochran v. Chapman, 21 So.3d 1244, 1246 (Ala.Civ.App.2008), and “[c]erti-fications under Rule 54(b)' should be'entered only in exceptional cases and should not be entered routinely.” Baker v. Bennett, 644 So.2d 901, 903 (Ala.1994).[1],This case does not meet this, “exceptional cáse” standard so as to warrant piecemeal appellate review.
I have, however, more fundamental concerns with'-the Rule 54(b) certification in this case: (1) whether the validity of the prenuptial agreement is actually' a separate “claim,” rather than a constituent part of the claim for a divorce, (2) whether the prenuptial-agreement issue was completely adjudicated, and (3) whether the prenuptial-agreement issue, is intertwined with the granting of the divorce and’with the *794 claims seeking property division and alimony.
Subject to a few exceptions not relevant here, an appeal lies only from a final judgment that completely adjudicates all matters in controversy before the court and that is conclusive and certain in itself. Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala.1976). See also Ala.Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990) (noting that a final judgment is “one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved”).
Rule 54(b) provides an exception to this general rule.[2] It allows for the entry of a final, appealable judgment as to one or more of, but fewer than all, the claims in an action, but only under certain conditions. This writing will address three of the conditions for Rule 54(b) certification.

Rule 5Jp(b)- Certification is Appropriate Only if the Judgment Resolves an Entire Claim

Rule 54(b) certification does not authorize the entry of a final judgment on part of a single claim. Stephens v. Fines Recycling, Inc., 84 So.3d 867, 877 (Ala.2011). In a two-party suit, Rule 54(b) certification is appropriate only if the action presents multiple separate claims, as opposed to a single claim with multiple elements for recovery. See generally Ex parte National Ins. Underwriters, 366 So.2d 687, 689-90 (Ala.1978) (noting that a “ ‘claim’ refers to a set of facts giving rise to legal rights in the claimant”). As the Court of Civil Appeals explained in J.S. v. S.W., 702 So.2d 169, 171 (Ala.Civ.App.1997), a “claim” for child support was not a separate claim that could have been enforced apart from the claim seeking custody of the child.
The wife’s prenuptial-agreement “claim” is not in fact a separate claim at all. First, portions of the prenuptial agreement offer a defense to a claim for alimony and property division, rather than a true claim. See Ex parte National Ins. Underwriters, 366 So.2d at 690 (stating that the insurer’s “claims were, in actuality, defenses to [the insured’s] claim under the policy”).[3] Clearly, an order validating or invalidating the prenuptial agreement is not one that has any field of operation apart fi*om a judgment granting a divorce. Even if, as may have been true in this case, the trial court were to go further and enter a purportedly final judgment actually denying any and all claims to alimony or for property division, that order also would have no field of operation apart from a judgment granting a divorce.
The wife’s “claims” relating to the prenuptial agreement were not claims separate from her claim for a divorce. Such claims, as well as any more general judgment by the trial court regarding alimony or property, derive from the termination of the marital relationship; they are all merely incident to, or constituent parts of, the claim for a divorce. As the Court of Civil Appeals explained in Cochran v. Chapman, 21 So.3d at 1246: “The question whether the parties are married does not *795 constitute a discrete ‘claim’ within the case; instead, it is a constituent part of Chapman’s single claim for a divorce.” Under Alabama law, there is not a cognizable claim for permanent alimony or property division apart from the claim for a divorce. “[T]here is no jurisdiction in the court to grant ‘permanent alimony1 without a divorce.” Ex parte Thornton, 272 Ala. 4, 7, 127 So.2d 598, 601 (1961). “[T]he court is without power to decree a permanent allowance out of the husband’s estate, when the court has denied a divorce. Such permanent allowance ... is incident to a decree of divorce.” Norrell v. Norrell, 241 Ala. 170, 171, 1 So.2d 654, 654 (1941).
Section 30-2-51, Ala.Code 1975, provides that “the judge, upon granting a divorce, ... may order to a spouse an allowance out of the estate of the other spouse.” (Emphasis added.) Nothing in the statute authorizes a court to order alimony or a division of property if a divorce is not granted. In Mahoney v. Mahoney, 568 So.2d 832 (Ala.Civ.App.1990), the Court of Civil Appeals rejected the notion that a wife could bring an independent action for alimony following a valid foreign divorce. The court stated:
“The law in Alabama is clear that the power to grant alimony is derived solely from statute, and that the obligation of the husband (or the wife) is derived from the marriage relationship. Pursuant to Ala.Code 1975, § 30-2-50, alimony may be awarded pending an action for divorce or, pursuant to § 30-2-51, upon the granting of a divorce. However, after a valid divorce judgment, the relationship of husband and wife is dissolved, and the obligation of the husband to provide for support is at an end. Ex parte Thornton, 272 Ala. 4, 127 So.2d 598 (1961). Therefore, in this instance, we find that our statutes do not alloiv an independent action for alimony after the marriage relationship has been terminated by a valid divorce.”
568 So.2d at 833-34 (emphasis added). The claims seeking a division of property and alimony are not separately enforceable in the absence of a divorce judgment. They are merely incident to, or constituent parts of, the claim for a divorce.
Cases from other states are in agreement that there is no cognizable claim for property division and alimony in the absence of a grant of a divorce. See McCotter v. Carle, 149 Va. 584, 595, 140 S.E. 670, 674 (1927) (“[I]t is clear that, when a divorce is not decreed, the power of the court to consider in any respect the estates or property rights of the parties, whether between themselves or otherwise, is nonexistent.” (emphasis omitted)); Caldwell v. Caldwell, 177 W.Va. 61, 63-64, 350 S.E.2d 688, 690-91 (1986) (“ ‘[T]he actual division of the property cannot be made until the final decree [of divorce] is granted....’” (quoting 27B C.J.S. Divorce § 300(1)(1959))); Stuart v. Stuart, 144 Ohio St. 289, 291, 58 N.E.2d 656, 657 (1944) (“As a divorce was not granted, there could be no division of the property....”); Mattson v. Mattson, 79 N.D. 381, 389, 56 N.W.2d 764, 768 (1953) (“Since there is no proceeding known to the law wherein there may be a distribution of property between a husband and a wife, based upon their inability to continue the normal marital relations, the manifest implication of the foregoing statutes is that there can be no property distribution, unless there be a judgment or decree of divorce.”); and Sanchez v. Sanchez, 609 S.W.2d 307, 308 (Tex.Civ.App.1980) (“[I]n a divorce case, the division of the property may not be severed from the granting of a divorce.”).
The portions of the prenuptial agreement at issue here are not subject to independent enforcement in the absence of a divorce. The pertinent portions of the prenuptial agreement speak in terms of the parties’ rights and obligations arising out of the marriage and appear to have *796 effect only in relation to a divorce (or death).[4]
In holding that the issue of the validity of the prenuptial agreement was a claim separate from the claim for a divorce, the Court of Civil Appeals cited Robinson v. Robinson, 64 So.3d 1067, 1076 (Ala.Civ.App.2010), and Williams v. Williams, 617 So.2d 1029 (Ala.Civ.App.), rev’d, 617 So.2d 1032 (Ala.1992). In each of those three cases, the appellate court addressed the merits of a partial summary judgment as to the validity of a prenuptial agreement, but did not address whether the Rule 54(b) certification of that judgment was appropriate. Thus, those cases are not binding precedent with respect to the appropriate-hess of the' Rule 54(b) certification under such circumstances. As this Court has stated:
“ ‘ “For a case to be stare decisis on a particular point of law, that issue must have been raised in the action, decided by the court, and its decision made part of the opinion of the case; accordingly, a case is not binding precedent on a point of law where the holding is only implicit or 'assumed in the decision but is not announced.” ’ ”
Ex parte Town of Lowndesboro, 950 So.2d 1203, 1209-10 (Ala.2006) (quoting Alabama Dep’t of Envtl. Mgmt. v. Lowndesboro, 950 So.2d 1180, 1194-95 (Ala.Civ.App.2005), quoting in turn 20 Am.Jur.2d Courts § 153 (1995) (footnotes omitted)).
The Court of Civil Appeals’ opinion also cites eases relating to declaratory judgments ’generally, but none of those cases addresses the concern presented here.

Was the Claim Completely and Finally Adjudicated?

Second, even if somehow the wife’s prenuptial-agreement “claim” could be understood to be a claim separate from her claim for a divorce, it is not clear that the prenuptial-agreement claim was completely adjudicated. That is, it is not clear from the facts before us in this petition that the trial court’s judgment would - be complete and certain in itself or be capable of execution. In Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d at 625, this Court stated:
“A final judgment is a terminative decision by a court of competent jurisdiction which demonstrates there "has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself.... All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own."
(Emphasis added.)
Neither the opinion of the Court of Civil Appeals nor the husband’s statement of facts sets forth the substance of the trial court’s judgment; the Court of Civil Appeals’ opinion states merely that the partial summary judgment “determined that the prenuptial agreement was valid.” Williams, 218 So.3d at 787. For all that appears, there remain matters relating to the prenuptial agreement to be determined, including the application of the agreement to the parties’ specific assets and liabilities (e.g., if the prenuptial agreement provides that the wife will have no claim to the husband’s separate property, what assets do or do not fall into that category) and the disposition of assets or liabilities, if any, not covered by the agreement. See Peden v. Peden, 931 So.2d 721, *797 722 (Ala.Civ.App.2005) (holding that divorce judgment was not final where husband was ordered “to pay ‘any debts contracted by him,’ ” but the judgment did not determine whether the husband contracted for one of the disputed debts); McGill v. McGill, 888 So.2d 502 (Ala.Civ.App.2004) (holding that judgment , directing the wife to make two lists of personal property and directing the husband to choose which list of property he wanted was not final judgment); and Certain Underwriters at Lloyd’s, London v. Southern Natural Gas Co., 939 So.2d 21, 28 (Ala.2006) (“ ‘An order is not final ... if it leaves open the question of additional recovery.’ ” (quoting Grantham v. Vanderzyl, 802 So.2d 1077, 1080 (Ala.2001))).

Intertwining

Finally, even if it were proper to treat the prenuptial-agreement claim as a separate claim, and even if it were proper to treat the trial court’s decision as a full and final adjudication of that claim, it would appear that Rule 54(b) certification is nonetheless inappropriate because the prenuptial-agreement claim and the remaining claims “‘are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.’” Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002) (quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala. 1987)).
The issues in this case are clearly intertwined in several respects. First, no divorce was entered at the time the summary judgment was entered. In the event, however unlikely, that no divorce is subsequently entered, any order regarding alimony or property division made in the judgment purportedly made final by the Rule 54(b) certification would have to be set aside because there is no authority for such relief in the absence of a divorce. Second, any provisions of the prenuptial agreement as to ownership and division of separate property and as to alimony are necessarily intertwined with the issue of the division of assets acquired by the parties during their marriage. See Ex parte Drummond, supra.
Third, the same facts and issues must be considered in the review of both portions of the judgment (the validity of the prenuptial agreement and the later adjudication of the remaining issues). “‘“It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties.” ’ ” Loachapoka Water Auth., Inc. v. Water Works Bd. of Auburn, 74 So.3d 419, 423 (Ala.2011) (quoting Centennial Assocs., Ltd. v. Guthrie, 20 So,3d 1277, 1281 (Ala. 2009), quoting in turn 10 Charles Alan Wright et al., Federal Practice & Procedure § 2659 (1998)). Appellate review of a claim as to the validity of a prenuptial agreement will ordinarily involve many of the same facts and events that would be relevant to later appellate review of the property division. The possibility of duplicate or overlapping appellate review is indicative of the inappropriateness of the Rule 54(b) certification of the order addressing the prenuptial-agreement issue.

Conclusion

The husband’s petition to this Court for certiorari review does not assert any ground challenging the Rule 54(b) certification as improper. The practical outcome of the Court of Civil Appeals’ decision is to place the issue of the prenuptial agreement back before the trial court for its consideration at a point when the trial court has now entered a judgment of divorce. The Court of Civil Appeals has affirmed that judgment, and this Court has denied certiorari review of that affir- *798 manee.[5] See Williams v. Williams, 197 So.3d 480 (Ala.Civ.App.2015). At least under the unique circumstances presented here, I am not inclined to vote in favor of granting certiorari review of a decision by a lower appellate court for the sole purpose of vacating that judgment on grounds not presented to us by the certiorari petition. The Court of Civil Appeals appears to have correctly decided the issue it did decide, and I see no injustice in allowing the Court of Civil Appeals’ mandate to stand. Thus, I concur in the denial of the husband’s petition, which will allow the case to proceed in the trial court.
BOLIN, J., concurs.

. See also North Alabama Elec. Coop. v. New Hope Tel. Coop., 7 So.3d 342, 345-46 (Ala. 2008) (" ‘[T]he rule that only a final judgment is appealable is to ensure that there be but one appeal of an entire- case, thereby saving time and expense for litigants, as well as bench and bar.’ Powell v. Republic Nat’l Life Ins. Co., 293 Ala. [101] at 103, 300 So.2d [359] at 361 [(1974)].”).

. Rule 54(b) provides, in pertinent part:
"(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”

. Cf. Stephens, 84 So.3d at 877 (holding that an attempt to pierce the corporate veil does not present a separate claim for relief, but is instead a means to collect a breach-of-contract damages award).

". I do not address whether a prenuptial ■ agreement might contain provisions that are not linked to divorce and that would be enforceable independent of a divorce. That question is not presented here:

. Chief Justice Moore and I dissented.